IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01997-GPG

TONYA McDANIEL, and
ASHLEY McDANIEL,

    Plaintiffs,

v.

DOMINIUM MANAGEMENT SERVICES, LLC, and
MEL TERRAZAS,

    Defendants.

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiffs have filed *pro se* a Complaint, ECF No. 1, alleging that Defendants violated their rights under Title VI of the Civil Rights Act, the Fair Housing Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act. ECF No. 1 at 3. Plaintiffs seek money damages and injunctive relief.

The Court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiffs are directed to file an amended complaint.

I. Complaint

Plaintiffs assert four claims and seek money damages and removal from the North Range Crossing housing file of any and all false claims, including disability bias and discriminatory statements.

1

Claim One is titled, "Title VI of the Civil Rights Act." ECF No. 1 at 4.  In Claim One, Plaintiff Ashley McDaniel (Ashley) states that her family consists of (1) her mother, Tonya McDaniel, who is the head of the household; (2) herself, Tonya McDaniel's youngest daughter, and the author of the Complaint; and (3) Ashley McDaniel's minor child.  *Id.*

Plaintiff Ashley asserts that named Plaintiffs identify as Black Hebrew Jews and part of their ritual practice is to burn various items.  ECF No. 1 at 4.  Plaintiff Ashley further asserts that they reside in a HUD property, and they have a Section 8 voucher.  *Id.*  Even though the property is smoke-free, property management agreed to allow Plaintiffs to burn items that are part of their rituals of "offering and sacrifice," but Defendants have retaliated against Plaintiffs for burning items by (1) discriminating against them; (2) harassing them; (3) making false allegations against them; and (4) threatening them with eviction.  *Id.* at 5.

Beyond the first page of Claim One, Plaintiff Ashley sets forth an additional eleven pages, which is a narrative of events that have taken place.  *See* ECF No. 1 at 5-15.  In Claim Two, which is titled, "The Fair Housing Act," Plaintiff Ashley relies on the narrative of events stated in Claim One as the basis for the claim.

In Claims Three and Four, which are titled, "Americans with Disabilities Act," and "Section 504 of the Rehabilitation Act," respectively, Plaintiff Ashley has raised disability claims that pertain to her mother.

For the reasons stated below, Plaintiffs will be directed to file an amended complaint.

II.  Representation of a *Pro Se* Litigant

Although Tonya and Ashley McDaniel are listed as Plaintiffs in the captions of the submitted documents, it appears that Plaintiff Ashley is asserting claims on behalf of Tonya McDaniel in Claims Three and Four.  As Plaintiff Ashley has been instructed in previous actions, *see Flack, et al., v. McDaniel-Mackey, et al,* No. 21-cv-02318-GPG (D. Colo. filed Aug. 26, 2021), and *Flack, et al., v. McDaniel-Mackey, et al.,* No. 21-cv-01628-LTB (D. Colo. July 28, 2021), she and her mother have filed in this Court, she may not represent another *pro se* litigant in federal court.  See 28 U.S.C. § 1654.  If Plaintiff Tonya McDaniel in fact intends to assert Claims Three and Four, she may pursue those claims *pro se* on her own behalf.  Claims Three and Four, therefore, are subject to dismissal because Plaintiff Ashley may not act in the capacity of representing Plaintiff Tonya McDaniel regarding Tonya's disability claims.

III. Fed. R. Civ. P. 8

Claims One and Two are deficient because they fail to comply with Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

The eleven-page narrative set forth in Claim One, and relied on in Claim Two, does not provide a short and plain statement of the claims showing that Plaintiffs are entitled to relief. Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Plaintiffs fail to assert Claims One and Two as they have been instructed to do in the D. Statement of Claim(s) section of the Complaint form.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

To state a claim in federal court, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Thus, Plaintiffs must adequately allege the deprivation of a right, privilege or immunity secured by the Constitution or federal law.  See *West v. Atkins*, 487 U.S. 42 (1988).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiffs an opportunity to cure the deficiencies in the Complaint by submitting an amended complaint that meets the requirements of Fed. R. Civ. P. 8 and complies with the following directions.

IV. Title VI

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.

If Plaintiffs wish to pursue any claims of unlawful discrimination, they must file an amended complaint that includes a clear and concise statement of the specific claims they are asserting and the specific factual allegations that support each claim.  Plaintiffs are advised that Title VI of the Civil Rights Act prohibits discrimination on the basis of race, color, or national origin by any entity receiving federal financial assistance.  *See* 42 U.S.C. § 2000d.  Therefore, it does not appear that claims of discrimination due to religion or disability properly are asserted pursuant to Title VI.

5

V.  FHA

The FHA provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, . . . ."  42 U.S.C. § 3613(a)(1)(A).  An "aggrieved person" includes any person who "claims to have been injured by a discriminatory housing practice."  42 U.S.C. § 3602(i).  A "discriminatory housing practice" is "an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title."  42 U.S.C. 3602(f).

Sections 3605 and 3606 address discrimination in residential real estate-related transactions and in the provision of brokerage services and do not appear to be implicated by the allegations of the Complaint.

Section 3604 makes it unlawful to discriminate in the sale or rental of a dwelling to any renter, or, to discriminate against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services of facilities in connection with such dwelling, because of the renter's race, color, religious, sex, familial status, or national origin, or handicap.  *See* 42 U.S.C. §§ 3604(a), (b) and (f).

Section § 3617 makes it unlawful to

> intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.

In order to state a claim under § 3617, Plaintiffs must allege that: "(1) plaintiff is a member of a protected class under the Fair Housing Act; (2) plaintiff exercised or

6

enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights; (3) intentional discrimination at least partially motivated defendants' conduct; and (4) defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1233 (D. Kan. 2001).  *See also South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F.Supp.2d 85, 95 (D. Mass. 2010).

Rather than set forth an eleven-page narrative of events, Plaintiffs must assert in the amended complaint specific allegations that satisfy the elements of a claim under the proper section of the Fair Housing Act.

Plaintiffs will be afforded a final opportunity to amend their Complaint to show an entitlement to relief against Defendants under the FHA.  Plaintiffs are reminded that the amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Claims must be presented clearly and concisely in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc.,* 250 F.2d at 883.

Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  Thus, "in

analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

VI. Conclusion

Plaintiffs are informed that they may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/fpsc for possible assistance in amending Claims One and Two in this Complaint as set forth above.

Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiffs must file an amended complaint as directed in this Order. It is

FURTHER ORDERED that Plaintiffs shall obtain and utilize the current Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing an amended complaint. It is

FURTHER ORDERED that, if Plaintiffs fail to file an amended complaint that complies with this Order within the time allowed, the action will be dismissed without prejudice and without further notice as is required under Rule 8 of the Federal Rules of Civil Procedure.

DATED: October 12, 2021.

BY THE COURT:



_____

Gordon P. Gallagher

8

United States Magistrate Judge