IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2021 NOV 12 PM 4:27

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____1:21-cv-01997-GPG_____

Tonya McDaniel, Ashley McDaniel_____, Plaintiff's

v.

Dominium Management Services, LLC_____,

Mel Terrazas_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## AMENDED COMPLAINT

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

**A.    PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

____Ashley McDaniel 14270 E 104th Ave Commerce City, Colorado 80022 Mailbox #72____

(Name and complete mailing address)

____720-244-1240, ashaleyreneemcd@gmail.com____

(Telephone number and e-mail address)

____Tonya Renee McDaniel 14270 E 104th Ave Commerce City, Colorado 80022 Mailbox #72____

(Name and complete mailing address)

____720-244-1240, mommat2real@gmail.com____

(Telephone number and e-mail address)

**B.    DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    ____14350 E 104th Ave Commerce City, Colorado 80022____
                         (Name and complete mailing address)

                         ____763-452-3112, DOMINIUMAPARTMENTS.COM____
                         (Telephone number and e-mail address if known)

Defendant 2:    ____Mel Terrazas, 14350 E 104th Ave Commerce City, Colorado 80022____
                         (Name and complete mailing address)

                         ____720-259-8076, Mel.Terrazas@dominiuminc.com____
                         (Telephone number and e-mail address if known)

2

**C.  JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_____   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

Title VI of the Civil Rights Act

The Fair Housing Act

Section 504 of the Rehabilitation Act

Americans with Disabilities Act

_____

D. **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. ("Title VI") Title VI prohibits discrimination on the basis of race, color, or national origin in any program or activity that receives Federal funds or other Federal financial assistance._____

Supporting facts:

Tonya McDaniel and Ashley McDaniel herby allege and assert separately the same claims and the same facts against the defendants as follows. Both plaintiffs are asserting their own individual rights in this claim with the same facts separately as individuals.

1. Both plaintiffs have identified as black Hebrew Jews on all applications having anything to do with the North Range Crossings apartment application process beginning on August 31st, 2018.

4

2. The harassment, racism, and discrimination from staff and property management began right after moving into the North Range Crossing property.

3. The North Range Crossings property is a federally funded property operated by H.U.D Housing of Urban Development. During our official lease signing, it was stated by staff members that North Range Crossings is a smoke-free property. Plaintiffs expressed to property management that due to our race and religious practice we burn various items for ritualistic reasons that would result in smoke, such as candles, sage, smudging, burning incense, spices, herbs, and oils as a form of offering and sacrifice.

4. All of these ritualistic practices are protected by religious rights and freedoms under federal law and due to this being a HUD property. At the lease signing meeting, plaintiffs explained that denying this burning practice is a violation of our religious freedoms and the HUD discrimination laws because North Range is HUD funded building.

5. After a brief verbal exchange and being told no, the property management conceded and finally agreed to allow us to burn our religious sacrifices on the property. However, after this first initial adverse contact with property management for the past 2+ years, both plaintiffs have been the target of apartment management for retaliation, discrimination, harassment, false allegations, and multiple threats of eviction due to their race.

6. On several occasions, the plaintiffs have been inconvenienced and targeted by various staff members for asserting their civil rights. The targeting by staff has resulted in

multiple false allegations being alleged by staff members against the plaintiffs over the years to result in an eviction.

7. The plaintiffs have kept a detailed log of documentation of all incidences in which the plaintiffs have been the target of discrimination, retaliation, and harassment by the North Range Crossings staff based upon being members of a protected class being "Black African American". North Range Crossings has refused to resign the lease with the plaintiffs only due to their race.

8. The plaintiff's white 1st-floor neighbor repeatedly orally complained on the 2nd floor white neighbor for noise complaint. She was never prompted to file a formal written complaint by the office. Our neighboring 2nd-floor white tenant was never formally emailed a noise violation complaint after being informed of formal complaints multiple times. Instead of filing multiple unnecessary noise complaints, the 2nd-floor white tenant was informed by property management of sound complaints through a mass email sent to everyone residing in the units.

9. The plaintiff's white 2nd-floor neighbor was offered warnings and corrections. The plaintiff's unit was not extended this courtesy. The noise still continued from the 2nd-floor neighbor and so did the verbal complaints. However, the 2nd-floor neighbor was still not officially served with a noise complaint from property management.

10. Management never prompted the neighbor of the 1st floor to file a written complaint against her white neighbor. Instead, Mel Terras mediated the situation and offered either

tenant to apply to move to a new unit within the same North Range Complex that was more accommodating to their needs. This option was not extended to the plaintiffs.

11. The plaintiff's unit was served with a notice to quit the lease before any mediation was offered by management. The white neighbor was not harassed with noise complaint emails when complained about, she was able to be warned only through a mass email chain letter from the property, mediation was offered to solve the white tenant's issue before an eviction action was threatened or a notice to quit was served.

12. The 1st-floor tenant was placed in a 3rd-floor unit waitlist to help solve the issue and eventually moved to a 3rd-floor unit within the same building due to the noise issues. At no point and time were the plaintiffs ever given a verbal warning about any alleged noise complaints.

13. The plaintiffs have been bombarded with false noise allegation emails repeatedly. No mediation was ever offered or extended to the plaintiffs to move within the properties to an available unit. Instead of being offered to move units like the white neighbor the plaintiffs were only threatened to leave the property entirely with an eviction. The same noise issue for two separate people resulted in an eviction threat for one but was simply met with a solution for the other. This type of behavior is discriminatory in nature and should be punishable under this federal statute preventing discrimination in the establishments receiving federal government funding.

### D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM TWO: ___ The Fair Housing Act: It is illegal to discriminate in the sale or rental of housing, including against individuals seeking a mortgage or housing assistance, or in other housing-related activities. The Fair Housing Act prohibits this discrimination because of race, color, national origin, religion, sex, familial status, and disability._____

Supporting facts:

Both plaintiffs separately hereby assert all of the same allegations put forth in count one to be used as supporting facts in support of count two along with new supporting facts. Tonya McDaniel and Ashley McDaniel herby allege and assert separately the same claims and the same facts against the defendants as follows. Both plaintiffs are asserting their own separate individual rights in this claim with the same facts.

1. The Fair Housing Act protects people from discrimination when they are renting or buying a home, getting a mortgage, seeking housing assistance, or engaging in other housing-related activities. <u>Additional protections</u> apply to federally-assisted housing.

2. The fair housing act was violated by the defendants when they refused to resign a lease with the plaintiffs solely based on their disability, religion, race, creed, color, income status, and family status, engaged in harassment, retaliation, and bullying tactics to prevent residency in a HUD unit.

3. The plaintiffs have a section 8 voucher which is provided by the government. The defendants have expressed the need to harass and attempt to evict all Section 8 tenants as a means to have only "cash-paying" tenants on the property. When a family is on section 8 the payments come from the government at a later date than all the cash-paying tenants. The defendants are attempting to bridge the gap between section 8 tenants and cash tenants by harassing section 8 tenants until they move voluntarily or by constantly threatening eviction on the section 8 tenants.

4. Both plaintiffs being black Hebrew tenants on section 8 and both being single mothers have been discriminated against by North Range Crossing office staff members for these reasons.

5. Threatening an eviction on a section 8 tenant is threatening the entire voucher itself, which can leave the entire household homeless at no fault of their own.

6. The fair housing act was violated when the defendants began to partake in multiple discriminatory actions against the plaintiffs deliberately to take away the enjoyment of real property.

7. The fair housing act was violated when the defendants made up false defamatory allegations in order to prevent the leasing of real property to the plaintiffs. The false defamatory allegations were that of the plaintiffs making threats and harassment to neighbors.

8. These allegations were only alleged by property management for racially charged discriminatory reasons. Being that the plaintiff's household is made up of black women. The false narrative and stereotype of aggression were placed on my family without having a single incident or interaction with the neighbors.

9. Placing something defamatory and false in the plaintiff's housing file is a deliberate act of discrimination in order to provoke the false narrative to not lease the property to the plaintiffs.

10. 10. The plaintiffs take these allegations seriously as these false allegations are being used to discriminate against the plaintiffs and garnish a false eviction. The plaintiffs have a right to enjoy and lease real property without the fear of

       discrimination and retaliation for being black, female, a single parent, Jews, on section 8, and possessing a disability.

11. 11. The disability of the plaintiff Tonya McDaniel is well documented and was used as a form of discrimination by property management by office staff while a resident at North Range Crossings. Her disability was extremely exacerbated by the staff at North Range Crossing as a form of discrimination.

D.  **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s).*

CLAIM THREE: ___Americans with Disabilities Act

The Congress finds that (1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

(2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to

existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

Supporting facts:

Tonya McDaniel herby alleges the following facts in support of this claim and herby assert her own disability rights.

1. I Tonya McDaniel, since 2013 I have been diagnosed with a severe case of post-traumatic stress disorder as a result of my learning disability Dyslexia and various life incidents that have caused irreparable harm to me mentally and physically.

2. The defendants are aware of my disability, but instead of accommodating me, they are using it to discriminate against me

3. . Mel Terrazas has referred to me Tonya McDaniel as a "difficult tenant" based on my disability alone. This term "difficult tenant" in and of itself is discriminatory in nature as I do suffer from a learning disability that comes off as being socially awkward. I suffer from paranoia and an array of other symptoms brought on by outside stress and agitations. Due to my disability it is imperative that outside added stressors must be kept as minimal as possible.

4. Discrimination against me has occurred through various means of lack of proper communication from staff, such as staff misplacing important documents on purpose and blaming my disability as the reason for the error, and allotting various punishments due to their bias against my disability.

5. The defendants have not protected my rights as a tenant with a disability in a HUD property. Due to the lack of protection from property management, and in fact, property management has made me a direct target due to my disability behavior alone.

6. I was forced to disclose my private medical diagnosis and information to my bottom floor neighbors to help self mediate the situation property management has let get out of control. This personal information had to be divulged to the neighbors due to harassment from the neighbors and property management about simple noises heard through the walls not noise complaints or disturbing the peace. These simple noise heard would be the result of a dish falling, the t.v being on, walking on the floor, or the washer and dryer running , or me doing

art in my reasonable accommodation art room allotted to me by my section 8 voucher. I suffer sleepless nights and the only thing that calms me is a movie or an arts and craft activity.

7. Due to my legal reasonable accommodation added to my Section 8 voucher for an art room in which I am actively working on therapeutic arts and crafts, including sculptures, clay molds, and vases. The noises that are being heard are a direct result of the disability of my disability.

8. Due to the discriminatory actions of property management they refused to mediate my situation as they did with other tenants without a disability. I was forced to write a letter stating that the noises heard are that from my therapeutic activities taking place. Without the help from property management as the professional bridge between tenants the property management actually worked as an instigator to help provoke a toxic interaction between neighbors instead of solving it.

9. Dominium is creating an environment to exacerbate my disability until I feel threatened and intimidated and unsafe enough to simply move off the property.

10. Dominium is participating in discrimination not re signing the lease with myself due to my disability especially being that this is a HUD federally funded building.

### D.  STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s).*

CLAIM FOUR:  ___Section 504 of the Rehabilitation Act_____

      Supporting facts:

I Tonya McDaniel hereby individually assert all of the same allegations put forth in count three to be used as supporting facts in support of count four along with the following new facts.

1. Section 504 of the 1973 Rehabilitation Act is the first disability civil rights law to be enacted in the United States. It prohibits discrimination against people with disabilities in programs that receive federal financial assistance.

2. The real property at the question in the center of this case is a HUD building also known as the U.S. Department of Housing and Urban Development.

3. The HUD program is a federally funded program that allows the private third-party owner to participate in the building of properties to cater to low-income families and families with disabilities, and other housing programs such as Section 8.

4. The defendant Dominium is a part of a program that receives federal assistance and it is illegal for any representative to engage in any discriminatory actions against someone with disabilities.

5. In this case, the defendant through its representative Mel Terrazas discriminated against me by imposing more restrictions on me than on non disable tenants.

6. Defendants discriminated against me when Mel Terrazas to lease the property due to issues with the disability of Tonya McDaniel. The defendant's discriminated against the plaintiff's disability when behavioral bias allegations were made against the plaintiffs that she was "threatening" simply due to a plaintiff having a disability. Just because you are diagnosed with a disability does not give you the right to falsely accuse someone of being threatening when no threatening interaction ever occurred.

7. Mel Terrazas has made a point to exhibited discriminatory behavior against me as a tenants with a disability on multiple occasions.

**E.     REQUEST FOR RELIEF**
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

At this time the plaintiff's Tonya McDaniel and Ashley McDaniel both request the following damages. We respectfully pray for the court to grant the following damages as a relief: $1,000,000 for exemplary damages to be award to the victims due to the conduct of the defendant's who caused the victims harm in a willfully malicious, oppressive, fraudulent, wanton, or grossly reckless manner. For punitive damages to be imposed so that the defendant's will no longer engage in the illegal behavior alleged in this case in the future, to add more regulations in place for staff to properly mediate with black tenants and tenants with disabilities. Injunctive relief to clear the adverse Section 8 housing record and the North Range Crossing housing file of any and all false claims, disability bias, and discriminatory statements. $1,000,000 for moral damages including physical suffering, mental anguish, fright, serious anxiety, besmirched reputation, wounded feelings, moral shocks, social humiliation, and depression. $2,000,000 in compensatory damages as a result of severe emotional distress from making both plaintiffs forcefully move of the property within 30 days to prevent the threat of eviction from Dominium.

F.      PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____11-12-21_____
(Date)

_____
(Plaintiff's signature)

_____11-12-2021_____
(Date)