IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-01997-LTB-GPG

TONYA McDANIEL, and
ASHLEY McDANIEL,

    Plaintiffs,

v.

DOMINIUM MANAGEMENT SERVICES, LLC, and,
MEL TORRAZAS,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Amended Complaint, ECF No. 10,[1] filed *pro se* by Plaintiffs.   The matter has been referred to this Magistrate Judge for recommendation.   ECF No. 12.[2]

---

[1] "ECF No. 10" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b).   The party filing objections must specifically identify those findings or recommendations to which the objections are being made.   The District Court need not consider frivolous, conclusive, or general objections.   A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.   *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Second Amended Prisoner Complaint, ECF No. 10, be dismissed in part and randomly drawn in part.

I. Discussion

Plaintiffs reside in Aurora, Colorado. They initiated this action by filing, *pro se*, a Complaint, ECF No. 1, and an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), ECF No. 2, signed by Plaintiff Ashley McDaniel. After Plaintiff Tonya McDaniel filed her own Application to Proceed in District Court with Prepaying Fees or Costs, ECF No. 5, pursuant to Court order, Plaintiffs were granted leave to proceed without prepaying fees or costs. *See* ECF No. 6.

On October 12, 2021, the Court entered an order that reviewed the Complaint and determined it is deficient because Plaintiffs failed to comply with Rule 8 of the Federal Rules of Civil Procedure and to state proper subject matter jurisdiction. ECF No. 9 at 4. The Court, therefore, ordered Plaintiffs to file an amended complaint within thirty days that complies with Rule 8 and asserts a statutory basis for this Court's jurisdiction. *Id.* at 8.

Plaintiff Ashley McDaniel also was instructed, as she has been in previous actions, *see Flack, et al., v. McDaniel-Mackey, et al.*, No. 21-cv-02318-GPG (D. Colo.

---

party from appealing the factual findings and legal determinations of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

2

filed Aug. 26, 2021), and *Flack, et al., v. McDaniel-Mackey, et al.*, No. 21-cv-01628-LTB (D. Colo. July 28, 2021), she and her mother have filed in this Court, she may not represent another pro se litigant in federal court as set forth in 28 U.S.C. § 1654.   ECF No. 9 at 3.   This Court further instructed Plaintiffs that if Plaintiff Tonya McDaniel in fact intends to assert Claims Three and Four, which pertain to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and Plaintiff Tonya's own disabilities, she may pursue those claims *pro se* on her own behalf in a separate action. *Id.*   Plaintiffs were informed Claims Three and Four are subject to dismissal in this Complaint.

On November 12, 2021, Plaintiffs filed an Amended Complaint, ECF No. 10. The Court must construe the November 12 Amended Complaint liberally because Plaintiffs are not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court is not an advocate for *pro se* litigants.   See *Hall*, 935 F.2d at 1110.

Plaintiffs set forth the same four claims they raised in the original Complaint. Claims Three and Four, as Plaintiffs were instructed, are subject to dismissal.   As for Claims One and Two, these claims are not proper for summary judgment and should be drawn to a presiding judge and when applicable to a magistrate judge for review on the merits.

II. Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that Claims Three and Four be dismissed without prejudice for

the reason set forth above.   It is

FURTHER RECOMMENDED that Claims One and Two be drawn to a presiding judge and, if applicable, to a magistrate judge.   See D.C.COLO.LCivR 8.1(c).

DATED: December 2, 2021

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge