IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01997-RMR-NYW

TONYA MCDANIEL and
ASHLEY MCDANIEL,

    Plaintiffs,

v.

DOMINIUM MANAGEMENT SERVICES, LLC and
MEL TERRAZAS,

    Defendants.

## ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

This matter is before the court on the failure to appear at a court-ordered Status Conference and failure to comply with a court order by Plaintiffs Tonya McDaniel and Ashley McDaniel (collectively, "Plaintiffs").

Plaintiffs initiated this civil action *pro se* on July 22, 2021. [Doc. 1]. The case was directly assigned to the Honorable Gordon P. Gallagher, [Doc. 3], who granted Plaintiffs leave to proceed *in forma pauperis* in this case. *See* [Doc. 6]. Judge Gallagher directed Plaintiffs to file an Amended Complaint, *see* [Doc. 9], and Plaintiffs did so on November 12, 2021. [Doc. 10]. Upon an initial review of the Amended Complaint, Judge Gallagher found that two of Plaintiffs' claims were not appropriate for summary dismissal and recommended that those claims be drawn to a presiding judge. [Doc. 13]. The Honorable Lewis T. Babcock accepted the Recommendation on December 23, 2021, [Doc. 14], and the case was randomly re-assigned to the undersigned Magistrate Judge. [*Id.*]. This court subsequently issued a Minute Order setting a Telephonic Status Conference for February 17, 2022 at 9:30 a.m. [Doc. 16]. A copy of the

1

court's Minute Order was mailed to the address provided by Plaintiffs in their Amended Complaint. *See* [Doc. 17]; *see also* [Doc. 10 at 2]. Then, because Plaintiffs are proceeding *in forma pauperis*, the court ordered the United States Marshals Service ("USMS") to serve Defendants Dominium Management Services, LLC and Mel Terrazas (collectively, "Defendants"). *See* [Doc. 18]. After the Parties declined to consent to the jurisdiction of a Magistrate Judge, the case was re-assigned to the Honorable Regina M. Rodriguez and referred to the undersigned. [Doc. 26; Doc. 28; Doc. 29].

On January 25, 2022, the court received its Minute Order directing the USMS to serve Defendants returned as undeliverable. [Doc. 25]. On February 4, 2022, Defendants filed Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss"), which was referred to the undersigned. [Doc. 30; Doc. 32]. This court issued a Minute Order directing Plaintiffs to respond to the Motion to Dismiss on or before March 9, 2022. [Doc. 33]. Then, on February 7, 2022, the court received two additional pieces of legal mail sent to Plaintiffs returned as undeliverable—the Certificate of Service to the United States Marshals Service and the Return of Service on Mr. Terrazas. *See* [Doc. 35; Doc. 36].

This court entered a Minute Order on February 8, 2022 addressing the returned mail. *See* [Doc. 37]. Specifically, because "it appear[ed] that the address provided by Plaintiffs is no longer current," the court reminded Plaintiffs of their obligation under Local Rule 5.1(c) to keep the court informed of their current contact information. [*Id.*]; *see also* D.C.COLO.LCivR 5.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."). The court ordered Plaintiffs to file a Notice of Change of Address by February 17, 2022, or to otherwise be prepared to provide their current contact information at the February 17, 2022 Status Conference. [Doc. 37]. In

2

addition, because it appeared that court orders were not reaching Plaintiffs, the court ordered Defendants to notify Plaintiffs of (1) the February 17, 2022 Status Conference;[1] (2) the contents of the court's February 7, 2022 Minute Order [Doc. 33], and (3) the contents of the then-instant Minute Order, using the email addresses provided by Plaintiffs in their Amended Complaint. [Doc. 37]. The court specifically advised Plaintiffs that "it is not the obligation of the court or opposing counsel to locate a physical address for Plaintiffs, and further, the court will not provide any further orders by electronic mail, until and unless Plaintiffs become registered e-filers." [*Id.*]. On February 15, 2022, the court received two additional pieces of mail returned as undeliverable. [Doc. 38; Doc. 39].

The court convened the Telephonic Status Conference on February 17 as set by the court's December 23, 2021 Minute Order. Plaintiffs did not appear at the Status Conference. [Doc. 40 at 1]. Nor, to the best of the court's knowledge, did Plaintiffs attempt to call chambers to advise the court of any emergent reason for their non-attendance. Although the undersigned's courtroom deputy attempted to contact Plaintiffs at the phone number provided in their Amended Complaint, *see* [Doc. 10 at 2], the courtroom deputy received no response. Moreover, at the Status Conference, defense counsel—as officers of the court—confirmed that they had notified Plaintiffs of the Status Conference and this court's various Minute Orders, as directed by the court, and had received an email confirmation in response.[2] [Doc. 40 at 1]. Because defense counsel received such confirmation, and because the court's Minute Order setting the Status Conference was not returned as undeliverable, it appears that Plaintiffs were aware of the Status Conference.

---

[1] The Minute Order setting the Status Conference was not returned as undeliverable.

[2] *See Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996) (observing that, as officers of the court, statements of attorneys to the court are virtually made under oath).

In addition to failing to appear at the Status Conference, Plaintiffs failed to file a Notice of Change of Address by February 17, 2022, as ordered by the court. [Doc. 37]. And because more than five days have passed since this court first received mail returned as undeliverable, it appears that Plaintiffs have failed to comply with Local Rule 5.1(c) by failing to inform the court of their change in contact information. Because Plaintiffs failed to appear at the Status Conference, failed to comply with an order of the court, and appear to have violated the Local Rules, this Order to Show Cause appears warranted.

Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. Because they proceed *pro se*, Plaintiffs are afforded a liberal construction of their pleadings, but all parties, represented or not, are expected to adhere to court deadlines, or seek a timely extension, to secure the just and speedy resolution of matters before the court. In addition, this court cannot, and will not, act as Plaintiffs' counsel and litigate this action on their behalf. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

A plaintiff's failure to follow court orders can lead to sanctions, including dismissal of an action. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). A party's *pro se* status does not exempt the party from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City*

*of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).  Again, the court plays a neutral role in the litigation process and cannot assume the role of an advocate for the *pro se* party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Given Plaintiffs' failure to follow court orders and the Local Rules, Plaintiffs shall show cause, in writing, why this court should not recommend that this case be dismissed without prejudice for failure to prosecute.  **<u>Plaintiffs are expressly advised that their failure to respond to this Order to Show Cause by the court-ordered deadline may result in this court recommending that their claims be dismissed without prejudice, without further warning from the court.</u>**

Accordingly, **IT IS ORDERED** that:

(1) On or before **March 7, 2022**, Plaintiffs shall **SHOW CAUSE**, in writing, why this court should not recommend that this case be dismissed <u>without prejudice</u> pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution, failure to comply with court orders, failure to comply with the Local Rules, and failure to appear for the February 17, 2022 Status Conference;

(2) **<u>Plaintiffs are hereby advised that their failure to respond to this Order to Show Cause by the court-ordered deadline may result in this court recommending that this case be dismissed without prejudice, without further warning of the court</u>**;

(3) Defendants **SHALL NOTIFY** Plaintiffs of this Order to Show Cause on or before **February 21, 2022** by sending a copy of this Order to Plaintiffs at the email addresses provided by Plaintiffs in their Amended Complaint.  Defendants **SHALL FILE** a Status Report on or before **February 23, 2022** confirming their efforts to

5

notify Plaintiffs of this Order to Show Cause;[3] and

(4)   A copy of this Order to Show Cause shall be sent to Plaintiffs at their only known address:

Tonya McDaniel
14270 East 104th Avenue
Mailbox #72
Commerce City, CO 80022

Ashley McDaniel
14270 East 104th Avenue
Mailbox #72
Commerce City, CO 80022

DATED:  February 18, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[3] In its previous Minute Order, this court advised Plaintiffs that it would not provide any further orders by electronic mail.  [Doc. 37].  However, because it is clear that the Plaintiffs are unreachable via United States mail, and because defense counsel represented that they received a confirmation email when Plaintiffs were contacted via email, the court finds that the interests of justice require the court to order Defendants to notify Plaintiffs of this Order to Show Cause via email.  However, **Plaintiffs are expressly advised that the court will not provide any further orders by electronic mail and will not order Defendants to serve any further court orders on Plaintiffs by electronic mail absent extraordinary circumstances, including but not limited to any recommendation issued by this Magistrate Judge recommending dismissal of Plaintiffs' claims.  If Plaintiffs wish to continue receiving communications from the court with respect to their case, they must provide the court with their current contact information by filing a Notice of Change of Address.**