**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:13 am, Mar 09, 2022*
**JEFFREY P. COLWELL, CLERK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01997-RMR-NYW

TONYA MCDANIEL and

ASHLEY MCDANIEL,

Plaintiffs,

v.

DOMINIUM MANAGEMENT SERVICES, LLC and

MEL TERRAZAS,

Defendants.

## PLAINTIFF'S REPLY MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS

Plaintiffs pursuant to Federal Rule of Civil Procedure Rule 8. General Rules of Pleading hereby move to dismiss the Motion to Dismiss for the following reasons:

## STATEMENT OF FACTS

The plaintiffs agree that the facts that are drawn from the Amended Complaint by opposing counsel are deemed to be true for this motion. And at this time add the following: I Tonya McDaniel am no longer pursuing disability claims in this case as I have been instructed to file a separate private action for my disability rights alone. Which I intend to do in the future, but for now my disability claims were dismissed. Both of the disability claims in the amended complaint are moot and null and void. And I do not wish to argue them in this matter any further, unless in a separate action. However, counsel refers to my disability in their motion to dismiss several times as a means to dismiss the entire amended complaint. But that portion of the case has already been dismissed formally by the court. I have chosen not to reply to any claims against my disability in this motion as my disability is no longer relevant to this particular case at this time. I am not arguing that my disability verse my neighbors' nondisability is a claim for FHA or the Civil Rights Act as claimed by the opposing counsel. Rather that is a claim I will bring forth at a later time. I Tonya McDaniel and Ashley McDaniel are only asserting rights related to retaliation for asserting religious rights in the form of an eviction, harassment, discrimination, bullying and violation of the FHA and Civil Rights Act.

## STANDARD OF REVIEW

Rule 8 is as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(b) Defenses; Admissions and Denials.

(1) In General. In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.

(3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must state so, and the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

(c) Affirmative Defenses.

(1) In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by a fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

(2) Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

(e) Construing Pleadings. Pleadings must be construed so as to do justice.

    These phrases mean that a complaint need not be long and complicated, but it must contain statements that support the federal court's jurisdiction (FHA and the Civil Rights Act), allegations of fact that support a specific claim that is being made, and a request for relief. The rules make a "short and plain statement" enough because the policy behind the rules is to simplify pleading and not to put up technical barriers to relief that a plaintiff needs and can get from the court. The plaintiffs in the amended complaint state (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. All of these elements are present in the amended complaint.

The most important part of Rule 8(a) for purposes of a Rule 12(b)(6) motion is the middle one - "a short and plain statement of the claim..." This means a short and plain statement of facts that make up the claim. A Rule 12(b)(6) motion tests whether such a claim is one "upon which relief can be granted." In order for a particular fact pattern to be covered by the Fair Housing Act, three elements must be present: (1) a covered property; (2) a covered transaction; and (3) a covered basis of discrimination. All three are present in the Amended Complaint. Covered properties are generally dwellings that are not subject to any of the Act's exemptions. Covered transactions, also referred to as subject matter jurisdiction (e.g., a refusal to rent), are set forth in Sections 804;806, and 818 of the Act. There are seven covered bases of discrimination: race; color; religion; sex; disability; familial status; and national origin. The only behavior that involves one or more of these seven covered bases of discrimination is illegal under the Fair Housing Act. Thus, for example, a landlord who refuses to rent an apartment to a prospective tenant has not thereby violated the Act even though a covered practice and a covered property may be involved, unless it can also be shown that the landlord's action was based on race, color, religion, sex, disability, familial status, or national origin. If the landlord's action was based on any other factor (e.g., the prospect's bad credit), no violation of the Act has occurred. In this case the plaintiffs have been discriminated against for being black Jews and carrying out religious practices. One of the seven covered bases of discrimination was involved in a housing practice, thereby rendering that practice illegal under the Fair Housing Act. The starting point in analyzing this issue is the language used in the key substantive provisions of the Act. This language prohibits various housing practices (e.g., refusals to rent, sell, and negotiate and the imposition of discriminatory terms or conditions) "because of," "based on," or "on account of" any one of the seven prohibited bases of discrimination.

"Disparate treatment" . . . is the most easily understood type of discrimination. The landlord simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Proof of discriminatory motive is critical. Claims of disparate treatment may be distinguished from claims that stress "disparate impact." The latter involve landlord practices that are facially neutral in the treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive is not required under a disparate-impact theory.

The Supreme Court has not yet decided on a Fair Housing Act case dealing with these matters. The Court has, however, issued numerous opinions on the standards for proving a violation under the federal employment discrimination law (Title VII of the Civil Rights Act of 1964), and the lower courts have generally held that these precedents from the employment discrimination field should be followed in interpreting the Fair Housing Act. Under Title VII, a plaintiff may pursue a claim under either a disparate treatment theory (discriminatory intent) or a discriminatory impact theory (discriminatory effect). The Supreme Court has explained the difference between these two theories as follows:

Within the disparate treatment (discriminatory intent) category, two types of cases have been recognized: (1) cases in which the respondent's decision was motivated by a single consideration, and the problem is to determine whether that consideration was a legitimate one or one condemned by the statute; and (2) "mixed-motive" cases in which both legitimate and illegitimate considerations played a part in the respondent's decision. Both theories may be used in the same case as in this case.

In a case alleging unlawful discrimination in connection with an eviction, the four elements would be that the complainant is a member of a group protected by the Fair Housing Act; the complainant met the minimum standards to live in the respondent's housing; the respondent, knowing that the complainant was a member of a protected class, evicted or initiated eviction proceedings against the complainant; and, similarly, situated tenants who are not members of the complainant's protected class were not subjected to such eviction proceedings. All of these legal elements are met and properly alleged in the amended complaint.

## Standards For Decision Of Rule 12(b)(6) Motions

Courts do not in general favor Rule 12(b)(6) motions to dismiss, because the policy of the federal rules is to allow cases to proceed if there is any reasonable chance that the plaintiff is entitled to relief. Thus the federal courts require the defendants to make a very strong showing before a complaint may be dismissed for failure to state a claim. No outside evidence has been added to the motion to dismiss as an exhibit to support the claims being used to garnish a dismissal. A Rule 12(b)(6) motion tests whether, based only on what is said in the complaint, the plaintiff possibly could be entitled to relief. Courts do not determine whether the facts you state are true, but instead assume the truth of your factual statements and decide whether you may have a claim that could lead to relief. As the Ninth Circuit recently stated, when reviewing a Rule 12(b)(6) motion, a federal court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). As the Supreme Court has stated, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the

claims. In Scheuer v. Rhodes , 416 U.S. 232, 236 (1974). "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson , 355 U.S. 41, 45-46 (1957). All of the set of facts alleged by both plaintiffs, in this case, can be proven.

## ARGUMENT

1. Individual Liability is Legally Cognizable and is plausibly Plead.

Mel Terras being employed as the "property manager" in fact did hold the power and authority to directly effectuate the challenged conduct and, in fact, so exercised that power and authority in an adverse manner. Specific facts are alleged by the plaintiffs rendering plausible the worker exercised discretionary power and authority on behalf of the employer purposefully and decisively and thereby directly caused discriminatory conduct. The amended Complaint does seek to hold Terrazas liable for her work for the Dominium brand as a representative of the company. There are specific facts alleged making it reasonable to infer that Terrazas exercised discretionary power and authority on behalf of Dominium or over other Dominium staff in a manner directly causing the alleged adverse acts against the plaintiffs being employed in a position to have the power to cause adverse effects when used maliciously (eviction). The Amended Complaint's FHA claim against Terrazas should not be dismissed as Mel acting by and in part of Dominium holds personal liability for her actions while representing the discriminatory views of the Dominium brand and its officers. Mel has acted in such discriminatory compacity to file for eviction and

threaten the plaintiff with evictions solely based on being a member of a protected class and asserting religious rights.

2. Circumstances are Sufficiently Alleged Raising Plausible Inference of the Illicit Intent of a Defendant Having Caused the Alleged Adverse Acts. The defendants have threatened the plaintiffs with an eviction multiple times out of nothing more than malicious intent, racial discrimination and retaliation.

3. NRC employs a policy that disproportionately excludes racial minorities or other groups protected by the Act by threatening eviction on black tenants and not white tenants for the same set of facts. Noise complaints are being used by NRC and Mel Terras to implement a discriminatory tactic to use a policy to only evict a particular group of people being discriminated against under a protected class. NRC and Mel Terras refused to mediate with its black tenants as it has his white tenants. This threat of eviction did end up in an actual eviction taking place against the plaintiffs in which irreparable harm has been caused.

CONCLUSION

The plaintiffs can provide through documented email and video evidence all interactions with Mel Terras and all other employees of Dominum, of all threats, intimidation, discrimination, and harassment. The plaintiffs have been repeatedly threatened with eviction for offenses that their white counterparts are not even with Tonya's disability aside. After asserting protected religious rights retaliation has ensued in the form of various threats of eviction at no fault of the plaintiffs. The disparate treatment between the plaintiffs and the white neighbor act as a test to show that discrimination did in fact occur. Both the white and black tenants were suffering from the same noise complaint issues however only one black tenants was

threatened with eviction and subsequently were successfully evicted for noise complaints. The white tenants were accommodated through the offer of mediation from Mel Terras and NRC. At no point and time, was mediation ever offered to the black tenants for the exact same issue. Being denied the mediation process was discriminatory in nature and suffices as a claim in which relief can be sought. As shown by research and statistics added to this case black women are more likely to be evicted for the same offenses as their white counterparts. This desperate impact can be proven at trial and will prevail on the merits.

Dated this 8th day of Mach 2022.

Ashley McDaniel

933 Monaco Pkwy

Denver, Co 80224

Email: ashaleyreneemcd@gmail.com

Tonya McDaniel

933 Monaco Pkwy

Denver, Co 80224

Email: mommat2real@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th[th] day of March 2022, a true and correct copy of the foregoing PLAINTIFF'S REPLY MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS was filed electronically via the email system and a copy of the foregoing will be served and mailed, via email and U.S. Mail at

ROBINSON & HENRY, P.C.

Daniel A. Jacobs, Esq.

1805 Shea Center Drive

Highlands Ranch, Colorado

Telephone: (303) 688-0944

Facsimile: (303) 470-0620

E-mail: daniel.jacobs@robinsonandhenry.com

eric@robinsonandhenry.com

Attorneys for Defendants

*/s/ Ashley McDaniel*