**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01997-RMR-NYW

TONYA MCDANIEL and
ASHLEY MCDANIEL,

    Plaintiffs,

v.

DOMINIUM MANAGEMENT SERVICES, LLC and
MEL TERRAZAS,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

---

Defendants hereby submit their Reply in support of their Motion to Dismiss Plaintiffs' Amended Complaint [ECF 30], as follows:

## ARGUMENT

**I.  Plaintiffs' Claims of Disability Discrimination Must be Dismissed Based on their Concessions within Response.**

Plaintiffs' Response to Defendants' Motion to Dismiss concedes this Court should dismiss Plaintiffs' claims of disability discrimination within the Amended Complaint under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.* and the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601, *et seq.*, because of their present plan to file the claims "in a separate private action for [Plaintiff Tonya McDaniel's] disability rights alone." *See* [ECF 52] at 2. These disability discrimination claims should accordingly be dismissed. *Baker v. Wells Fargo Bank,*

*N.A.*, Civ. Action No. 19-cv-03146-RBJ-NYW, 2020 U.S. Dist. LEXIS 155626, 2020 WL 5079060 (D. Colo. Aug. 3, 2020) ("While a plaintiff cannot amend his operative pleading by statements made in response to a motion to dismiss, nothing bars him from conceding certain claims."), *adopted by* 2020 U.S. Dist. LEXIS 154789, 2020 WL 5076802 (D. Colo. Aug. 26, 2020). Then, to avoid gamesmanship and Plaintiffs' reassertion of Title VII disability discrimination and individual liability claims that are not legally cognizable, *see* [ECF 30] at 7, 9, and considering Plaintiffs' tactic of conceding dismissal a manner tacitly admitting to the defects Defendants identified in their Motion rather than arguing for the legal recognition of such claims and liability in, *see* [ECF 52] at 2, the Court should dismiss <u>with prejudice</u> Plaintiffs' Title VI disability discriminations claims as legally futile. *See* [ECF 30] at 5; *see, e.g., Congdon v. Wells Fargo Bank, N.A.*, Case No. C18-394-RAJ, 2018 U.S. Dist. LEXIS 122794, at *6-9, 2018 WL 3533337 (W.D. Wash. Jul. 23, 2018) (treating *pro se* plaintiff's failure to oppose motion that complaint was barred by preclusion principles and asserted legally non-cognizable claims as an admission to merits of dismissal of complaint on those grounds and dismissing complaint with prejudice).

II. **New Factual Allegations Within Plaintiffs' Response and Documents Not Attached or Incorporated by Reference Within the Amended Complaint are Improperly Considered by the Court.**

Plaintiff's Response contains multiple facts not asserted in the Amended Complaint – including: (a) Defendant Mel Terrazas ("Terrazas") was "employed" by Defendant Dominium Management Services, LLC ("Dominium) as the "property manager" for North Range Crossing ("NRC"); (b) Defendants having "threatened eviction on black tenants and not white tenants for the same set of facts" and having "refused to mediate with its black tenants as it has with his [sic]

white tenants" besides the Plaintiffs; and (c) Plaintiffs were "actually evict[ed]" from their NRC rental in a manner leading to "irreparable harm" and Terrazas having "file[d] for [their] eviction" *See* [ECF 52] at 9-10. However, these allegations are not made within the Amended Complaint.[1] Consequently, this Court improperly considers such assertions in resolving Defendants' Motion to Dismiss because, by their Response, the Plaintiffs cannot effectively amend the allegations contained in the Amended Complaint. *See Hackborn v. Hansen*, Civ. Action No. 19-cv-02679-DDD-NYW, 2021 U.S. Dist. LEXIS 253171, at *22-23 (D. Colo. June 14, 2021), *adopted by* 2022 U.S. Dist. LEXIS 23386, 2022 WL 391809 (D. Colo. Feb. 9. 2022); *Andrew v. Eaton Metal Prods.*, Civ. Action No. 20-cv-00176-PAB-NYW, 2020 U.S. Dist. LEXIS 181828, at *14 (D. Colo. Sept. 8, 2020), *adopted by* 2020 U.S. Dist. LEXIS 180271 (D. Colo. Sept. 30, 2020); *Kent v. Berryhill*, Civ. Action No. 16-cv-02178-NYW, 2018 U.S. Dist. LEXIS 232556, at *16 n.7 (D. Colo. Jan. 31, 2018).[2] Also, Plaintiffs attach to their Response a raft of emails, an academic study apparently on racial and gender disparities in eviction filings/judgments within 39 states, and a media article apparently reporting on a similar academic study focused on the State of Washington. *See* [ECF 52-1 – 52-10]. However, none of these documents are attached to, apparently referenced within, or central to the Amended Complaint's allegations. *See* [ECF 10] at 4-7 [¶¶1-13], 9-11 [¶¶1-11],

---

[1] Indeed, the Amended Complaint in its allegations identifies Terrazas only as a Dominium "representative," focuses on the individualized experience of the Plaintiffs in connection with their NRC rental compared to white/non-disabled tenants to the exclusion of similarly situated NRC tenants who are also black or practice a form Judaism like Plaintiffs, and only alleges in a specific, non-conclusory manner that Defendants refused to resign Plaintiffs' lease for the rental and were served with a notice to quit the rental unit at the end of the lease term. *See* [ECF 10] at 4-7 [¶¶1-13], 9-11 [¶¶1-11], 13-15 [¶¶1-10]; 16-17 [¶¶1-7].

[2] These new factual allegations as stated and developed in Plaintiffs' Response moreover are conclusory and overly generalized without specific facts in support and thus cannot render Plaintiffs' claims facially plausible. *See* [ECF 30] at 5-6

13-15 [¶¶1-10]; 16-17 [¶¶1-7]. Accordingly, these documents are not properly considered by this Court in resolving the instant Motion. *See Hackborn*, 2021 U.S. Dist. LEXIS 253171 at *21-22.[3]

### III. Individual Liability Under the FHA is Inadequately Plead

Plaintiffs concede the applicable legal standards identified in Defendants' Motion for imposing on Defendant Terrazas individual liability on Plaintiffs' FHA claims. *See* [ECF 52] at 9-10. Instead, they argue in vague, conclusory, and overly generalized fashion that "specific facts" are sufficiently alleged within the Amended Complaint making it "reasonable to infer" those standards will be met if the alleged facts are true, but tellingly, without citing any specific fact stated within the Amended Complaint purportedly making it reasonable. *See* [ECF 52] at 9-10. Accordingly, for the unrebutted reasons and pleading deficiencies identified in Defendants' Motion, *see* [ECF 30] at 6-7, all FHA claims brought against Defendant Terrazas by the Amended Complaint must be dismissed as implausibly plead or duplicative of the FHA claim brought directly against Dominium.

### IV. The Illicit Intent of a Defendant Having Caused the Alleged Adverse Acts is Inadequately Plead.

---

[3] Even if the documents could be properly considered, it "is unclear what facts" within the numerous documents that Plaintiffs "wish[271] to rely upon to support the claim[s] [they] assert" – for they are not even cited within Plaintiffs' Response with explanation. *See Kent*, 2018 U.S. Dist. LEXIS 232556 at *14 (finding Rule 8 violation by *pro se* plaintiff attaching documents to their complaint without putting defendant on fair notice of facts claimed supported thereby and providing "the court with the means to evaluate the complaint and to conclude whether the allegations, if proven, would show that Plaintiff[s] [are] entitled to relief."); *see generally* [ECF 52] at 1-12. "While [Plaintiffs are] entitled to a liberal construction of [their] pleadings, neither the Court nor defendant is required to guess in order to determine the specific factual allegations that are asserted in support of [their] claims." *Id*. at *13 (citation omitted); *see also id.* at *16-17 (when a plaintiff "fails to articulate in [her] Amended Complaint the factual allegations necessary to support this claim, … the court will not act as [her] advocate in parsing the supplemental attachments in search of relevant factual allegations" and particularly when such review would require the Court and defendant to "guess as to both the events giving rise to the claim and the context of the causal connection.").

In response to Defendants' detailed canvass within their Motion to Dismiss of the Amended Complaint's failure to sufficiently develop plead circumstances plausibly raising the inference that any Defendant held illicit discriminatory or retaliatory intent under Title VI or the FHA toward Plaintiffs that caused Defendants' refusal to resign Plaintiffs' NRC rental lease and subjecting Plaintiffs to other alleged adverse acts, *see* [ECF 30] at 10-12, Plaintiffs assert in vague, conclusory, and overgeneralized fashion that Defendants "have threatened the plaintiffs with an eviction multiple times out of nothing more than malicious intent, racial discrimination, and retaliation." *See* [ECF 52] at 10; *see also id.* at 10-11. Plaintiffs' Response provides no supportive citation to any specific facts stated within the Amended Complaint, or even purportedly contained within the documents they attach to their Response and explaining how they render this assertion reasonably inferable. *See id.* at 10-11.[4] Plaintiffs' Response instead effectively repeats the same inadequate assertions within the Amended Complaint and other facts identified in Defendants' Motion, but without rebutting that those assertions alone are inadequate. *Compare id. with* [ECF

---

[4]Notable also is that the Amended Complaint is silent on whether the neighbors who made complaints against Plaintiffs were willing to voluntarily mediate their dispute—with or without a Defendant offering to mediate—and come to an amicable agreement with Plaintiffs and how, if at all, any Defendant countermanded both Plaintiffs and these neighbors' interest in amicably settling their dispute by not offering to mediate. Mediation is generally a voluntary dispute resolution process that would have required the white neighbors who lodged complaints against Plaintiffs with Dominium to consent voluntarily both to settlement negotiations with Plaintiffs over the dispute mediated by a Defendant and to whatever negotiated settlement terms were crafted in the mediation. *See Cook Children's Med. Ctr. v. New. Eng. PPO Plan of Gen. Consol. Mgmt.*, 491 F.3d 266, (5th Cir. 2007) (citing UNIF. MEDIATION ACT § 2(1) (2001) (defining "mediation" as "a process in which a mediator facilitates communication and negotiation between the parties to assist them in reaching a voluntary agreement regarding their dispute.")). As a result, and despite Plaintiffs' apparent argument to the contrary, *see* [ECF 52] at 11, illicit racial discriminatory intent of a Defendant toward Plaintiffs is not plausibly alleged by the assertion that neither Defendant "accommodated" the noise complaints by white neighbors against Plaintiffs with an "offer of mediation." *See* [ ECF 52] at 11.

30] at 10-12; *see also Andrews*, 2020 U.S. Dist. LEXIS 181828 at *23-24; *Kent*, 2018 U.S. Dist. LEXIS 232556 at *15-16; *Backus v. Univ. of Colo.*, Civ. Action No. 15-cv-01340-REB-NYW, 2015 U.S. Dist. LEXIS 176995, at *16-17 (D. Colo. Dec. 14, 2015), *adopted by* 2016 U.S. Dist. LEXIS 34704 (D. Colo. Mar. 17, 2016). Then, Plaintiffs' Response remains silent on the contradictory pleading of the purported illicit intent of Defendants against them, most notably their pleading that non-illicit hostility of Defendants toward Plaintiffs' and other NRC tenant's Section 8 voucher holder and income statuses was behind Defendants' refusal to resign Plaintiffs' NRC rental lease and other alleged adverse acts Plaintiffs were subjected to in connection with that rental. *Compare* [ECF 30] at 9-10 *with* [ECF 52] at 6-7, 10-11. Accordingly, for the unrebutted reasons and pleading deficiencies identified in Defendants' Motion, all FHA and Title VI claims brought against Defendants as by the Amended Complaint must be dismissed as inadequately and implausibly plead.

**V.   Adverse Acts are Inadequately Plead in the Amended Complaint**

Plaintiffs' Response addresses Defendants' argument that, putting aside the alleged refusal to resign Plaintiffs' NRC rental lease, the Amended Complaint fails to adequately allege Defendants subjected Plaintiffs to a materially adverse act establishing an FHA/Title VI discrimination or retaliation claim through—at best—vague, conclusory, and overly generalized assertions that "plaintiffs has been repeatedly threatened with eviction for offenses that their white counterparts are not" despite the "white … tenants … suffering from the same noise complaint issues" and being "accommodated through the offer of mediation" the Plaintiffs were not offered. *See* [ECF 52] at 10-11. Yet, the Response fails to cite *any* specific facts plead within the Amended Complaint—because, of course, there are none—rendering it reasonable to infer the white

neighbors were similarly situated renters in all material respects to Plaintiffs, including with respect to having engaged in comparably serious complained-of conduct by neighbors. *See* [ECF 30] at 13-14. Simply asserting Defendants did not offer mediation to Plaintiffs to resolve their neighbor dispute is not adequate pleading of: (a) a significant denial of a housing benefit, privilege or opportunity in their NRC rental; (b) an act that would deter an objectively reasonable person from engaging in the Plaintiffs' claimed religious practices protected from retaliation; (c) coercion, a threat to, or intimidation of a Plaintiff or interference with the exercise of a Plaintiff's fair housing rights, coerce, threaten, or intimidate plaintiff or interfere with the exercise of; and (d) anything more than a petty slight, minor annoyance, and lack of good manner. *See id.*[5]

Accordingly, for the unrebutted reasons and pleading deficiencies identified in Defendants' Motion, all FHA and Title VI claims brought by the Amended Complaint based on alleged adverse acts, except for those based on Defendants' refusal to resign Plaintiffs' NRC rental lease, must be dismissed as inadequately and implausibly plead.

**VI. Plaintiffs Cannot Recast the Amended Complaint's FHA Discrimination Claims as Based on Disparate Impact Theory to Avoid Dismissal.**

Plaintiffs' Response seeks to recast Plaintiffs' FHA discrimination claims, as plead within the Amended Complaint, to claims alternatively based on a theory of racial disparate impact rather

---

[5] Again, there is no allegation within the Amended Complaint rendering it plausible that the neighbors who complained against Plaintiffs were willing to voluntarily mediate their dispute and come to an amicable agreement with Plaintiffs and how, if at all, any Defendant countermanded both Plaintiffs and these neighbors' interest in amicably settling their dispute by neither Defendant offering to mediate their dispute for them. If Plaintiffs and their white neighbors were willing to explore voluntary resolution of their dispute through mediation or some other alternative dispute resolution process, there is nothing plead rendering it reasonable to infer they were precluded from doing so based on the failure of Defendant to offer to mediate and in a manner satisfying the materiality standards for an adverse act on Title VI/FHA discrimination and retaliation claims.

than just based on differential/disparate treatment. *See* [ECF 52] at 7, 10-11. To plausibly plead an FHA disparate impact discrimination claim, the plaintiff must differently from a differential treatment claim plausibly allege "a specific policy caused a significant disparate effect on a protected group." *Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 922 (10th Cir. 2012) (quotation omitted); *see also Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 961-65 (9th Cir. 2021) (clarifying *prima facie* case on FHA disparate impact discrimination claim, based on post-*Cinnamon Hills* guidance from the U.S. Supreme Court, to require proof of "a significant, adverse, and disproportionate effect on a protected class" and a "robust causality that shows, beyond mere evidence of a statistical disparity, that the challenged policy caused the disproportionate effect.").[6]

Yet specific facts are nowhere stated within the Amended Complain permitting the reasonable inference that *any* of the *prima facie* elements of this claim can be satisfied, let alone legal conclusions and ultimate facts stated therein providing *any* indication a disparate impact theory is being pursued. Rather, the Amended Complaint's discrimination claims are plead exclusively on a theory of differential/disparate *treatment* discrimination grounded in the purported illicit discriminatory intent of Defendants causing their refusal to resign Plaintiffs' lease for an NRC rental and other purported adverse acts against Plaintiffs while renting their unit. *See* [ECF 10] at 4-7 [¶¶1-13], 9-11 [¶¶1-11], 13-15 [¶¶1-10]; 16-17 [¶¶1-7]. The Amended Complaint

---

[6] The U.S. Supreme Court decision discussed and at-issue in *Sw. Fair Hous. Council* is *Texas Dept. of Housing and Comm. Affairs v. Inclusive Cmtys., Inc.*, 576 U.S. 519 (2015). In this case, the Supreme Court for the first time recognized an FHA disparate impact discrimination claim while laying down a "robust causality requirement" and other meaningful limitations on the claim. *See Inclusive Communities,* 576 U.S. at 530-46. Plaintiffs consequently err in asserting that the U.S. Supreme Court "has not decided on a Fair Housing Act case dealing with these matters." *See* [ECF 52] at 7.

<u>nowhere</u> raises a challenge to the purported disparate impact of a neutral policy of either Defendant directly causing both Plaintiffs and others similarly situated black rental tenants to be subject to the same purported adverse acts as Plaintiffs. *See id.*

The Amended Complaint instead demonstrates that the Plaintiffs' FHA discrimination claims are based on the Plaintiffs' "singular experience" in renting an NRC unit. *See Grays v. Kittredge Co.*, Civ. Action No. 1:20-cv-00208-WJM-SKC, 2021 U.S. Dist. LEXIS 50900, at *7-9 (D. Colo. Feb. 17, 2021), *adopted by* 2021 U.S. Dist. LEXIS 49926, at *7-9 (D. Colo. Mar. 17, 2021). <u>No</u> specific facts are asserted in the Amended Complaint rendering plausible the existence of a neutral policy of any Defendant grounded in a tenant's Section 8 status, income status, or some other non-protected class or characteristic of a Defendant that directly resulted in a "pattern or practice of discrimination" against Plaintiffs <u>and</u> similarly situated black rental tenants. *See Grays*, 2021 U.S. Dist. LEXIS 50900 at *7-9*; see also Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 906-09 (5th Cir. 2019) (finding no plausibly alleged FHA disparate impact discrimination claim based on policy of not renting to Section 8 voucher holders); *Bruzga v. Cty. Of Boulder*, Civ. Action No. 18-cv-00594-CMA-MEH. 2018 U.S. Dist. LEXIS 222733, at *30-32, 2018 WL 8220546 (D. Colo. Oct. 19, 2018) (holding *pro se* plaintiff failed to "adequately allege 'a pattern or practice of discrimination'" against himself and those similarly situated in his protected class), *adopted by* 2019 U.S. Dist. LEXIS 41575, 2019 WL 1198819 (D. Colo. Mar. 14, 2019), *aff'd* 795 F. App'x 599 (10th Cir. 2020) (unpublished); *Inclusive Comtys. Project, Inc. v. Heatland Cmty. Ass'n*, 399 F. Supp. 3d 657, 665-68 (N.D. Tex. 2019) (holding plaintiffs failed to adequately plead the "robust causality requirement necessary to plead its disparate impact claim" by failing to "sufficiently allege a causal link between the [challenged] Policy and statistical

disparities …," particularly if the "statistical racial disparities relied upon … preexisted the enactment of the [challenged] Policy and, therefore, cannot be shown to have been caused by it."). And, in any event, Plaintiffs cannot effectively amend the Amended Complaint through their Response. *See Hackborn,* 2021 U.S. Dist. LEXIS 253171 at *22-23; *Andrew*, 2020 U.S. Dist. LEXIS 181828 at *14*; Kent*, 2018 U.S. Dist. LEXIS 232556 at *16 n.7.[7]

Accordingly, Plaintiffs' attempt to salvage their Amended Complaint through a theory of disparate impact discrimination must fail.

## CONCLUSION

Based on the foregoing and the grounds argued in Defendants' Motion to Dismiss, the Motion must be granted and the Amended Complaint should be dismissed in its entirety.

Dated this 23rd day of March 2022.

**ROBINSON & HENRY, P.C.**

s/*Daniel A. Jacobs*
Daniel A. Jacobs, Esq.
Eric J. Neeper, Esq.
1805 Shea Center Drive
Highlands Ranch, Colorado
Telephone: (303) 688-0944
Facsimile: (303) 470-0620
E-mail:  daniel.jacobs@robinsonandhenry.com
             eric@robinsonandhenry.com
*Attorneys for Defendants*

---

[7] Moreover, Plaintiffs' attempt to recast their FHA discrimination claims as ones sounding in a disparate impact theory relies entirely on vague, conclusory, and overly generalized assertions within the Response without specific facts asserted in support. *See* [ECF 52] at 7, 10-11. Thus, the Response's factual assertions do not render Plaintiffs' discrimination claims plausible and therefore could not support denial of Defendants' Motion *even if* the Court could consider them in resolving the Motion. *See* [ECF 30] at 5-6.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2022, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** was filed electronically via the CM/ECF system and a copy of the foregoing will be served and mailed, via email and U.S. Mail at the address on currently on file with the Court, postage prepaid, to the *pro se* Plaintiffs, as follows:

Ashley McDaniel
933 S. Monaco Parkway
Denver, CO 80224
Email: ashaleyreneemcd@gmail.com

Tonya McDaniel
933 S. Monaco Parkway
Denver, CO 80224
Email: mommat2real@gmail.com

Additionally, pursuant to D.C.COLO.LCivR 7.1(e), all unpublished citations identified in the above Motion to Dismiss are provided to *pro se* Plaintiffs, electronically and via U.S. Mail, postage prepaid, to the addresses indicated above.

                                        **ROBINSON & HENRY, P.C.**

                                        s/Joyce M. Vigil
                                        Joyce M. Vigil | Senior Paralegal