IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01997-NYW-KLM

TONYA MCDANIEL,
ASHLEY MCDANIEL,

    Plaintiffs,

v.

NORTH RANGE CROSSINGS,
DOMINION MANAGEMENT LLC,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Dominion Management Services, LLC's **Motion to Strike Plaintiffs' Response to Motion to Dismiss Second Amended Complaint and/or for Extension of Time to Reply** [#71] (the "Motion").

    The portion of the motion that seeks to strike Plaintiffs' untimely Response to Motion to Dismiss [#70] is **DENIED**. While Plaintiffs, who are proceeding pro se[1] in this matter, filed the Response [#70] a few days late, Defendant has not shown any prejudice from the late filing. Plaintiffs are advised in the future, however, that late filings may be stricken, and that they are expected to follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The portion of the Motion [#71] that seeks an extension of time to file a Reply is **GRANTED**. Defendant Dominion Management Services, LLC has up to and including **September 9, 2022**, to file a Reply to Plaintiff's Response to Motion to Dismiss.

    Based in the foregoing,

    IT IS HEREBY **ORDERED** that the Motion [#71] is **GRANTED IN PART AND DENIED IN PART** consistent with this Minute Order.

    Dated:  August 29, 2022

---

[1] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).