**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01997-NYW-KLM

TONYA MCDANIEL and
ASHLEY MCDANIEL,

     Plaintiffs,

v.

NORTH RANGE CROSSINGS and
DOMINIUM MANAGEMENT LLC,

     Defendants.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT**

---

Defendant Dominium Management Services, LLC ("Dominium") hereby submits their Reply in support of their Motion to Dismiss the Second Amended Complaint [ECF 70], as follows:

**<u>ARGUMENT</u>**

Dominium' Motion to Dismiss the Second Amended Complaint canvasses in detail the failure of that pleading to sufficiently develop circumstances plausibly raising the inference that any Defendant subjected any Plaintiff to: (1) a materially adverse action on account of any protected status they have or in retaliation for protected activity in violation of Title VI or the FHA; or (2) a neutral and specific policy of a Defendant that caused a significant disparate effect on a protected group in violation of the FHA. *See* [ECF 66] at 1-15. In response, Plaintiffs do not—because they cannot—cite to any specific allegation within the Second Amended Complaint

("SAC") addressing the various identified deficiencies in Motion or in the Court's prior order dismissing their claims for insufficient pleading. *See* [ECF 70] at 1-8. All that Plaintiffs can muster in response are vague, conclusory, and overgeneralized assertions that their claims have been properly plead and then detail, at-length, purported applicable law and legal authorities on their FHA disparate impact claim. *See* [ECF 70] at 1-8. Plaintiffs' Response provides <u>no</u> supportive citation to specific and concrete fact(s) purportedly stated within the SAC and an explanation of how the fact(s) render their claims plausibly alleged under applicable law. *See id.*

Plaintiffs' Response in sum effectively repeats the same inadequate assertions within SAC identified as inadequate, under applicable law, on this Motion, *see* [ECF 66] at 1-15, on Dominium's prior Motion to Dismiss the First Amended Complaint, *see* [ECF 30] at 1-15, and in this Court's order adopting then-Magistrate Wang's Recommendation to dismiss the First Amended Complaint in its entirety without any objection from Plaintiff.  *See* [ECF 59] at 7-28; [ECF 62] at 1-4.  Plaintiffs have failed to successfully rebut <u>any</u> of the grounds for dismissal set forth in the instant Motion and in prior motions and court order. Plaintiffs' emphasis on discovery potentially revealing facts supporting their claims is entirely unavailing, as a matter of law, for as the 10th Circuit recently reminded, in the now "seminal case on federal pleading standards, the Supreme Court rejected the idea that a plaintiff may proceed to discovery armed with just a belief that discovery might reveal facts to support his claims" and, consequently, a plaintiff—unlike Plaintiffs here—"must plead concrete facts sufficient to 'raise the a reasonable expectation that discovery will reveal evidence supporting his claims.'" *Frey v. Town of Jackson*, 41 F.4th 1223, 2022 U.S. App. LEXIS 20652, at *37-38 (10th Cir. Jul. 26, 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 561-562 (2007)).

Accordingly, for the unrebutted reasons and pleading deficiencies identified in the instant Motion, all FHA and Title VI claims brought against Defendants within the SAC must be dismissed as inadequately and implausibly plead.

Furthermore, the repeated futile pleading of Plaintiffs' claims under Title VI and the FHA combined with their ample opportunities to plausibly allege such claims justifies dismissal of all their claims with prejudice. *See, e.g., Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("[T]he district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint…. If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice."). Plaintiffs in this litigation have to-date been reminded repeatedly that their complaint must comply with necessary pleading standards or be subject to dismissal. *See* [ECF 9] at 1-9; [ECF 13] at 1-4; [ECF 14] at 1-2; [ECF 59] at 1-28; [ECF 62] at 1-4.  This Court in granting Plaintiffs leave to amend to file the SAC accepted and adopted then-Magistrate Wang's finding that "Plaintiffs could potentially correct the pleading deficiencies identified in this Recommendation to include more specific, detailed factual allegations supporting their claims" based on Plaintiffs' repeated allegation of having "kept a detailed log of documentation" of the alleged discrimination and retaliation. *See* [ECF 59] at 29; [ECF 62] at 4. Despite their purported log, being advised in the Court's order dismissing the Amended Complaint of the applicable law and the specific pleading deficiencies in that pleading, and following that dismissal, having a month to prepare and file a new complaint overcoming those deficiencies, the SAC still fails to "include more specific, detailed factual allegations supporting … the FHA and Title VII claims" against either Defendant. *See* [ECF 64] at 4. The SAC should therefore be dismissed with prejudice based on Plaintiffs' failure in this

litigation to take advantage of their ample and well-advised opportunities provided to plead plausible claims based on and arising from their rental of a unit within the North Range Crossings housing complex that, by their own allegations, they should be able to plausibly plead if they could, but have not.

**CONCLUSION**

Based on the foregoing and the grounds argued in Dominium's Motion to Dismiss the Second Amended Complaint, the Motion must be granted, and the Second Amended Complaint should be dismissed in its entirety with prejudice.

Dated this 9th day of September 2022.

ROBINSON & HENRY, P.C.

s/*Daniel A. Jacobs*
Daniel A. Jacobs, Esq.
Eric J. Neeper, Esq.
1805 Shea Center Drive
Highlands Ranch, Colorado
Telephone: (303) 688-0944
Facsimile: (303) 470-0620
E-mail:  daniel.jacobs@robinsonandhenry.com
              eric@robinsonandhenry.com
*Attorneys for Defendant Dominium Management*
*Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of September , 2022, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** was filed electronically via the CM/ECF system and a copy of the foregoing will be served and mailed, via email and U.S. Mail at the address on currently on file with the Court, postage prepaid, to the *pro se* Plaintiffs, as follows:

Ashley McDaniel
933 S. Monaco Parkway
Denver, CO 80224
Email: ashaleyreneemcd@gmail.com

Tonya McDaniel
933 S. Monaco Parkway
Denver, CO 80224
Email: mommat2real@gmail.com

Additionally, pursuant to D.C.COLO.LCivR 7.1(e), all unpublished citations identified in the above Reply are provided to *pro se* Plaintiffs, electronically and via U.S. Mail, postage prepaid, to the addresses indicated above.

**ROBINSON & HENRY, P.C.**

s/Joyce M. Vigil
Joyce M. Vigil | Senior Paralegal