THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-1997-NYW-KAS

TONYA MCDANIEL, and
ASHLY MCDANIEL

    Plaintiffs,

v.

NORTH RANGE CROSSINGS

    Defendant.

---

## PROPOSED SCHEDULING ORDER

---

1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling/Planning Conference has been set for September 27, 2023, commencing at 11:00 a.m. in Courtroom C-204, Second Floor, Bryon G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294. The parties hereby submit the following joint proposed Scheduling Order:

Pro-Se Plaintiffs

| Ashley McDaniel | Tonya McDaniel |
|---|---|
| 542 Lima Street | 933 S. Monaco Parkway |
| Aurora, CO 80010 | Denver, CO 80224 |
| ashaleyreneemcd@gmail.com | mommat2real@gmail.com |
| (720) 244-1240 | (303) 332-8952 |

Counsel for Defendant North Range Crossings:

    Victoria E. Edwards

1

>Robinson & Henry, P.C.
>1805 Shea Center Dr., Suite 180
>Highlands Ranch, CO 80129
>Phone: 720-931-2326

2. STATEMENT OF JURISDICTION

This Court has jurisdiction of the parties' federal statutory claims pursuant to 28 U.S.C. § 1331, Title VI of the Civil Rights Act, The Fair Housing Act and Retaliation Act.

3. STATEMENT OF CLAIMS AND DEFENSES

    a.    <u>Plaintiffs:</u>

Discrimination, Civil Rights violation under the Fair Housing Act that resulted in an illegal eviction.

    b.    <u>North Range Crossings:</u>

Defendant North Range Crossings ("NRC") denies Plaintiffs' claims of discrimination. All actions on behalf of NRC were based on legitimate, non-discriminatory and non-retaliatory reasons. NRC had evicted Plaintiffs for cause related to infractions in violation of their lease.

4. UNDISPUTED FACTS

The following facts are undisputed:

1. NRC is located at 14350 E 104th Avenue in Commerce City, Colorado 80022.
2. Venue is proper.

    3.    Plaintiffs asserted the same claims against both Dominium Management LLC and NRC.

    4.    Dominium was dismissed per the Court's Order of February 24, 2023.

    5.    Plaintiffs asserted the same facts for each of their claims and do not separately assert facts.

    6.    NRC is a federally funded property operated by HUD.

    7.    NRC is a smoke-free property.

    8.    Plaintiffs resided at NRC.

5. COMPUTATION OF DAMAGES

    a. <u>Plaintiffs</u>:
   - i. $1,000,000 for exemplary damages.
   - ii. $1,000,000 for moral damages.
   - iii. $2,000,000 in compensatory damages.
   - iv. $4,000,000 in money damages.

    b. <u>Defendant</u>:

NRC is not seeking damages against Plaintiffs but reserves the right to seek an award of attorneys' fees and costs at the conclusion of this litigation.

6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a. Date of Rule 26(f) meeting: September 1, 2023.

    b. Names of each participant and party he/she represented:

      i. Ashley McDaniel, Pro-Se Plaintiff

      ii. Tonya McDaniel, Pro-Se Plaintiff

      iii. Defendant was represented by Victoria E. Edwards of Robinson & Henry, P.C.

c. Statement as to when Rule 26(a)(1) disclosures will be made: On or before September 13, 2023. Plaintiffs filed their disclosures on September 14, 2023.

d. Proposed changes, if any, in timing or requirement of disclosures under Federal Rule of Civil Procedure 26(a)(1): None

e. Statement concerning any agreements to conduct informal discovery: None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties shall use a unified system of exhibits beginning with the number one in depositions. The parties agree to exchange discovery and exhibits electronically, including via email, and to Bates-number the documents they produce. The parties further agree, and ask the Court to order, that the parties may modify the discovery limitations by written consent of applicable parties without requiring express authorization from the Court. In the event that a party seeks discovery beyond the limitations set forth herein and the applicable party or parties do not consent, the party seeking discovery beyond said limitations may seek relief from the Court in compliance with the Local Rules and upon a showing of good cause for modification of the discovery limitations.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

4

The parties state that a substantial amount of disclosure of discovery will involve information or records maintained in electronic form.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have had some settlement discussions. It is unlikely that the parties will be settling in this matter.

7. CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree to the presumptive limits on the number of depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i), namely ten (10) depositions per party, absent leave of court and for good cause shown. The parties agree on the presumptive number of interrogatories established in Fed. R. Civ. P. 33(a)(1), namely twenty-five (25) interrogatories per party, absent leave of court and for good cause shown.

    b.    Limitations which any party proposes on the length of depositions.

The parties agree to limit the length of depositions to 7 hours per deponent,

5

      c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree each party shall be limited to twenty-five (25) requests for production of documents and twenty-five (25) requests for admission that each party may serve on any other party, absent leave of the Court and good cause shown.

      d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

February 26, 2024

      e.    Other Planning or Discovery Orders.

The parties agree to confer in good faith on any discovery issues that may arise in an effort to reach an agreement, if possible, and will follow the Court's discovery dispute protocol, to the extent needed.

9. CASE PLAN AND SCHEDULE

      a.    Deadline for Joinder of Parties and Amendment of Pleadings:

November 11, 2023

      b.    Discovery Cut-off and Deadline for Making Discovery Motions:

March 27, 2024

      c.    Dispositive Motion Deadline:

May 27, 2024

      d.    Expert Witness Disclosure

Plaintiffs: At this time Plaintiffs do not anticipate the need for expert testimony. Plaintiffs reserve the right to amend their statement in accordance with the deadlines stated in this order.

Defendant: At this time Defendant does not anticipate the need for expert testimony. Defendant reserves the right to amend its statement in accordance with the deadlines stated in this order.

    a. Limitations which the parties propose on the use or number of expert witnesses.  Two per party.

    b. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before N/A.

    c. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before N/A.

    e.    Identification of Persons to Be Deposed:

Plaintiffs:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Mell Terrazas | TBD | TBD | 7 Hours |
| David Lepak | TBD | TBD | 7 Hours |
| Laurel Villiard | TBD | TBD | 7 Hours |
| Jean Ferguson | TBD | TBD | 7 Hours |

NRC:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Ashley McDaniel | TBD | TBD | 7 |
| Tonya McDaniel | TBD | TBD | 7 |

**2.** DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

Per Order of the Court [91], the Scheduling Conference in this matter is set for September 27, 2023 commencing at 11:00 a.m., in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order, including deadline to prepare and submit a proposed scheduling order, may result in the imposition of sanctions under Fed. R. Civ. P 16(f), including payment of the opposing parties' expenses in attending the scheduling conference, and/or dismissal of the case.

b. A final pretrial conference will be held in this case on _____ at _____.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

**3.** OTHER SCHEDULING MATTERS

**a.** Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. None.

**b.** Anticipated length of trial and whether trial is to the court or jury: The parties anticipate a five-day trial to a jury.

**c.** Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: None.

**4.** NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case. With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

The parties shall file a proposed Order under F.R.E 502(d) on or before 14 days after the Scheduling Conference.

**5.** AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __day of _____, 20__.

                                              BY THE COURT:

                                              United States Magistrate Judge

APPROVED:

Dated this 20th day of September 2023.

| ROBINSON & HENRY, P.C. | Pro-Se Plaintiff |
|---|---|
| /s/      Victoria E. Edwards<br>Victoria E. Edwards<br>Eric J. Neeper<br>ROBINSON & HENRY, P.C.<br>1805 Shea Center Drive, Suite 180<br>Highlands Ranch, CO 80129<br>Telephone: (303) 688-0944<br>joseph.sanchez@robinsonandhenry.com<br>eric@robinsonandhenry.com<br><br>*Attorneys for Defendant* | /s/Ashley McDaniel<br>Ashley McDaniel<br>542 Lima Street<br>Aurora, CO 80010<br>ashaleyreneemcd@gmail.com<br>(720) 244-1240<br><br>Pro-Se Plaintiff<br><br>/s/Tonya McDaniel<br>Tonya McDaniel<br>933 S. Monaco Parkway<br>Denver, CO  80224<br>mommat2real@gmail.com<br>(303) 332-8952 |