United States District Court for the District of Colorado

Magistrate Judge Kathryn A. Starnella

*Discovery Dispute Hearing Procedures*

**Adopted August 9, 2023**

Application: These procedures apply to all discovery disputes before this Court, except for those that involve an incarcerated *pro se* litigant or non-parties.

The steps for following Magistrate Judge Starnella's discovery dispute procedure are as follows:

*Step 1*: Counsel must meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1(a).

**If the dispute relates to taking a deposition, see *Step 2.A.* below. If the dispute relates to written discovery, see *Step 2.B.* below. If the dispute relates to any other type of discovery issue, see *Step 2.C.* below.**

*Step 2.A.:* If a dispute about taking a deposition is not resolved, counsel for the party seeking the protective order must send an email addressed to Starnella_Chambers@cod.uscourts.gov *and* to opposing counsel stating that the parties have a dispute about taking a deposition. The email must also contain the case number, the name of the party seeking the protective order, and the name of the deponent. *The email should not contain argument about the merits of the discovery issue.* The deposition shall be stayed pursuant to Local Rule 30.2(a) when the email is sent. The Court will contact counsel within three (3) court business days to set a hearing on the dispute. The stay of the deposition shall remain in effect until the Court issues its ruling.

*Step 2.B.:* If a dispute about written discovery (requests for production, interrogatories, etc.) is not resolved, the moving party must complete the written discovery dispute chart in the form attached. **The chart may include citations to legal authority but shall not include legal argument or extensive factual information. The parties shall be prepared to make legal arguments at the hearing.** The moving party must send the chart, the disputed discovery requests and the disputed responses to opposing counsel and to the Court at Starnella_Chambers@cod.uscourts.gov. The Court will contact counsel within three (3) court business days to set a hearing on the dispute. Do not submit documents for *in camera* review without obtaining prior permission from the Court. Failure to follow these instructions about preparation of the written discovery dispute chart will result in denial of a hearing until such time as a compliant chart is submitted.

*Step 2.C.:* If a dispute does not involve written discovery, arises during an ongoing deposition, and is not resolved through conferral with opposing counsel, counsel must jointly call the Court for a discovery hearing regarding the dispute. Call 303-335-2770. If a dispute does not involve written discovery and does not arise during an ongoing deposition, the party seeking the discovery must email the Court at Starnella_Chambers@cod.uscourts.gov, with opposing counsel copied, to request a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.  The email must also contain the case number, the name of the party seeking the protective order, and the name of the deponent. *The email should not contain argument about the merits of the discovery issue.*

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

**Any materials provided to the court within two court business days of a discovery hearing SHALL NOT BE ACCEPTED OR REVIEWED unless the Court specifically orders otherwise.**

*Step 3:* When counsel call the Court for a discovery hearing, the Court may determine, off the record, whether the issue is appropriate for immediate adjudication. If not, the Court will set the matter for a hearing at a mutually convenient date and time in the future.

*Step 4:* If the matter is appropriate for immediate adjudication, the call will be transferred to the courtroom and the hearing will be conducted. If the Court determines that the matter is complex and briefing is required, it will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

**Warnings:**

**The discovery dispute process outlined above will likely be your only opportunity to present legal authority supporting your position to the Court. Hence, be prepared to do so at the time of the hearing.**

**Filing a disputed discovery motion without permission from the court *will* result in the motion being stricken, and *may* result in the imposition of sanctions. To the**

**extent that these procedures conflict with the Local Rules of the Court, these procedures take priority over the Local Rules.**

**<u>Spoliation is a discovery issue</u>, and hence these procedures apply to disputes regarding spoliation. If the alleged spoliation involves written discovery, the parties shall use Step 2.B. above.**

**No party or non-party may submit documents for *in camera* review without first receiving permission from the Court to do so.**

**The Court does not accept new issues for a pending discovery hearing with less than three business days' notice, and the Court reserves the right to determine whether to hear the new issue at the hearing.**