THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-1997-NYW-KAS

TONYA MCDANIEL, and
ASHLEY MCDANIEL

    Plaintiffs,

v.

NORTH RANGE CROSSINGS

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS DUE TO PLAINTIFF'S NONAPPEARANCE FOR DEPOSITION AND REQUEST FOR REIMBURSEMENT OF FEES AND COSTS INCURRED IN DEPOSITION PREPARATION**

---

Defendant North Range Crossings ("NRC"), through undersigned counsel, hereby submits this Motion to Dismiss Due to Plaintiff's Nonappearance for Deposition and Request for Reimbursement of Fees and Costs Incurred in Deposition Preparation, and in support thereof hereby states as follows:

### I.   D.C.COLO.LCivR 7.1(a) Certification

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has informed Plaintiffs of NRC's intention to seek the requested relief and Ms. Ashly McDaniel informed undersigned counsel that she would inform the Court of Plaintiffs' extenuating circumstances.

### II.   Introduction

NRC respectfully requests that the Court dismiss Plaintiffs' lawsuit, with prejudice,

1

due to Plaintiffs' failure to appear for duly noted depositions and Ms. Tonya McDaniel's admitted inability to prosecute this matter.

Ms. Ashely McDanial failed to appear for her duly-noticed deposition on November 15, 2023, without any advanced warning. Ms. McDaniel's deposition was noticed and served via email and US mail on October 27, 2023. Undersigned counsel's office also contacted Plaintiffs via email on November 2, 2023 to confirm Plaintiffs' attendance at their depositions scheduled for November 15 and November 16, 2023. In addition, Plaintiffs confirmed their attendance for deposition upon query from the judge at the November 7, 2023 Status Conference. Attached as **Exhibit A** is a certified copy of the transcript confirming Ms. Ashley McDonald's absence at deposition, along with deposition exhibits introduced into the record.

Ms. Tonya McDaniel also failed to appear for her deposition with one-day notice. Her deposition was scheduled for November 16, 2023, but the day prior to deposition Ms. Ashley McDaniel informed undersigned counsel that Tonya McDaniel was not "in a state to testify in the state she is currently in" and specifically that:

> Tonya's health is rapidly declining at this moment and she may not be alive to prosecute her own claims at this point. We are currently discussing hospice with the doctors and feeding tubes as she is not eating. She has been diagnosed with stomach cancer that has spread to her liver and the bones in her back, she highly medicated and on oxygen. I did not want to divulge her personal business but the way things are going she may not live to prosecute this case in the first place….

Attached as **Exhibits B and C** are a copy of Ms. Tonya McDaniel's Notice of Deposition and Certificate of Service and a copy of the referenced email, written by Ms. Ashley McDaniel.

Based on the lack of notice for Ms. Ashly McDaniel's nonappearance at the November 15 deposition, and the short notice provided for Ms. Tonya McDaniel's anticipated nonappearance at the November 16 deposition, NRC files this motion to dismiss Plaintiffs' case with prejudice and to request reimbursement of both its attorneys' fees for deposition preparation and its costs in retaining both a court reporter and a videographer for Plaintiffs' duly-noticed depositions. Notably, the court reporter and videographer for Ms. Ashly McDaniel's deposition were present in undersigned counsel's conference room, where they remained for an hour and a half before undersigned counsel's paralegal finally reached Ms. Ashly McDaniel by telephone and was informed that Ms. Ashly McDaniel was not appearing for her deposition.

Such sanction is proper under F.R.C.P. 30(d) and 37(d), particularly where, as here, the Court has already admonished Plaintiffs for failing to meet deadlines and appear for hearings, and has issued orders requiring their strict compliance with Court rules and orders.

As for Ms. Tonya McDaniel's inability to testify, NRC would additionally request dismissal of her claims because she admittedly is unable to prosecute this matter on her own behalf. Ms. Tonya McDaniel's address of record is not current and her phone number is disconnected. Moreover, Ms. Tonya McDaniel has never responded to any email that undersigned counsel's office has sent to her regarding this matter. Ms. Tonya McDaniel has also never held a conferral with undersigned counsel or her firm in this matter. Rather, all of her conferrals have been handled through Ashley McDaniel. The Court has already informed Plaintiffs that Ms. Ashly McDaniel cannot represent her mother Ms.

Tonya McDaniel in this matter, and the Court at the November 7, 2023 Status Conference questioned Ms. Tonya McDaniel's ability to prosecute her claims.

### III.     Legal Standard

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Strauss v. Steele*, Civil Action No. 20-cv-03464-DDD-MEH, 2022 U.S. Dist. LEXIS 158407, at *7 (D. Colo. Sep. 1, 2022) (citing *Jones v. Thompson*, 996 F.2d 261, 264). Specifically, Fed. R. Civ. P. 37(d) permits a court to impose appropriate sanctions for failure to appear for a deposition. Fed. R. Civ. P. 37(d); *Johnson v. Wingert*, Civil Action No. 17-cv-02993-RBJ-NRN, 2019 U.S. Dist. LEXIS 224169, at *2 (D. Colo. Nov. 14, 2019). Dismissal should "be predicated on willfulness, bad faith, or some fault rather than just a simple inability to comply." *Lee v. Max Int'l*, 638 F.3d 1318, 1321 (10th Cir. 2011) (quotations, citations, and alterations omitted).

Moreover, under Fed. R. Civ. P. 41(b), a defendant is permitted to move for dismissal of an action if the plaintiff fails to prosecute or comply with a court order. *Strauss*, 2022 U.S. Dist. LEXIS 158407, at *7-8 (citing *Jones*, 996 F.2d at 264 and *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007)). Dismissal may be warranted either pursuant to a Rule 41(b) motion or sua sponte. *Strauss*, 2022 U.S. Dist. LEXIS 158407, at *7-8 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). Local Rule of Practice 41.1 provides:

> A judicial officer [*6] may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1; *Alexander v. Indep. Capital Recovery, LLC*, Civil Action No. 1:22-cv-01405-LTB-SP, 2023 U.S. Dist. LEXIS 135542, at *5-6 (D. Colo. June 22, 2023); *see also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir.1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

The Courts should consider the following factors before dismissing a case as a sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992); *see Callahan v. Commc'n Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpub.).

A party's "pro se status does not exempt her from complying with the procedural rules that govern all civil actions filed in this court." *Alexander*, 2023 U.S. Dist. LEXIS 135542, at *6 (citing *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008)). "This court cannot serve as an advocate for a pro se party and must be neutral in the litigation." *Id.* (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)).

**IV.  Argument**

Pursuant to Fed. R. Civ. P. 37(d), it is proper for the Court to dismiss Plaintiffs' case as a sanction for their failure to appear for deposition. *Johnson*, 2019 U.S. Dist.

LEXIS 224169, at *2. As for Plaintiff Ashley McDanial, dismissal would be appropriately based on her willful decision not to attend, or some fault on Ms. Ashley McDaniel's party, rather than just a simple inability to comply. *Lee*, 638 F.3d at 1321. When questioned about her failure to attend, Ms. Ashley McDaniel had no reasonable reason for her absence. Moreover, Plaintiffs, over the nearly three-year history of this lawsuit, have a track record of repeatedly, and intentionally, failing to attend court hearings and failing to comply with Court orders.

Similarly, under Fed. R. Civ. P. 41(b) the Court may dismiss Plaintiff Tonya McDaniel for her failure to prosecute her case and her failure to comply with the Court's orders. *Strauss*, 2022 U.S. Dist. LEXIS 158407, at *7-8 (citing *Jones*, 996 F.2d at 264 and *Nasious*, 492 F.3d at 1161); Local Rule of Practice 41.1; *Alexander*, 2023 U.S. Dist. LEXIS 135542, at *5-6. Since the inception of this lawsuit, Ms. Tonya McDaniel has been unable to litigate this matter but through the actions of her daughter Ashley McDaniel. She has missed court hearings, has failed to update her address with the Court despite being ordered to do so, and has never responded to any email communication with undersigned counsel or her firm in this matter. Moreover, Tonya McDaniel has never held a conferral with undersigned counsel on any matter in this case; all matters related to this lawsuit have been discussed with Ms. Ashley McDaniel only.

Under either analysis, the *Ehrenhaus* criteria mandate dismissal. NRC has been significantly prejudiced. For nearly three years, NRC has been embroiled in litigation with Plaintiffs, which litigation has been drawn out in significant part due to Plaintiffs' failure to comply with Court orders and participate in required Court proceedings. Most recently,

NRC"s ability to defend this litigation has been thwarted by Plaintiffs' outright refusal/inability to attend deposition. Indeed, Ms. Tonya McDaniel is admittedly in failing health and is unable to prosecute this matter.

As for the second element, interference with judicial process, the Court record speaks for itself. Despite this Honorable Court's continued patience and graciousness, Plaintiffs have been repeatedly reprimanded for failing to attend court hearings and failing to comply with Court orders. Their demonstrated unwillingness or lack of regard for Court orders alone is proof of their substantial interference with the judicial process. Moreover, with a very busy docket and several vacancies on this Court, each judicial officer has been required to assume more work than normal (and normal for this District is already extremely busy). The Court has spent many hours trying to persuade (and, indeed, order) Plaintiffs to meet their obligations.

Third, Plaintiffs' culpability is clear. Despite the Court's orders requiring them to attend hearings, update their address, comply with disclosure deadlines, and the Court's confirmation of Plaintiffs' attendance at their deposition immediately before they were to take place, Plaintiffs have failed to comply time and time again. The Court should not have to continually plead with Plaintiffs to meet the obligations of their own lawsuit. Plaintiffs have cavalierly approached this case, treating as optional their responsibilities to prosecute it.

Fourth, the Court record is clear that the Court has warned Plaintiffs numerous times, ordered them to engage in various tasks, that if they failed to respond, dismissal may be necessary.

Last, given Plaintiffs' repeated intransigency, no sanction short of dismissal would be effective, of which the Court has previously warned. In the case of Tonya McDaniel, her daughter Ashley McDaniel has recently made it clear that Tonya McDaniel has no intention of prosecuting her case. The *Ehrenhaus* factors clearly require dismissal of Plaintiffs' claims with prejudice, recognizing it is a drastic measure. *Dixon v. Nielsen*, No. 08-cv-01193-PAB-MEH, 2009 U.S. Dist. LEXIS 602, 2009 WL 42439, at *4 (D. Colo. Jan. 7, 2009) ("Dismissal with prejudice 'represents an extreme sanction appropriate only in cases of willful misconduct,' and should be used' as a weapon of last, rather than first, resort,' particularly in pro se cases.") (quoting *Ehrenhaus*, 965 F.2d at 920).

## V.     CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 30(d), Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 41(b), and the *Ehrenhaus* factors, NRC respectfully requests Plaintiffs' claims be dismissed with prejudice for Plaintiffs' failure to comply with Court orders, attendance at and participation in required Court proceedings, intentional failure to not appear for depositions, and the resulting failure to prosecute. NRC also respectfully requests payment of its legal fees and deposition costs incurred based on the assurance of Plaintiffs at the November 7 Court hearing that they would attend their November 15 and November 16 depositions, and their failure to reasonably notify undersigned counsel of their inability to attend said depositions. Should the Court grant NRC's request for fees and costs, NRC will file separately an affidavit detailing its reasonable fees and a bill of costs.

Respectfully submitted this 1st day of December 2023.

**ROBINSON & HENRY, P.C.**

*/s/      Victoria E. Edwards*

Victoria E. Edwards
Eric J. Neeper
1805 Shea Center Drive, Suite 180
Highlands Ranch, CO 80129
Telephone: (303) 688-0944
victoria.edwards@robinsonandhenry.com
eric@robinsonandhenry.com
*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing **DEFENDANT'S MOTION TO DISMISS DUE TO PLAINTIFF'S NONAPPEARANCE FOR DEPOSITION AND REQUEST FOR REIMBURSEMENT OF FEES AND COSTS INCURRED IN DEPOSITION PREPARATION**  was provided to the deponent  via email and regular US Mail to the following individuals on December 1, 2023.

Pro-Se Plaintiffs

Ashley McDaniel
542 Lima Street
Aurora, CO 80010
ashaleyreneemcd@gmail.com
(720) 244-1240


Tonya McDaniel
542 Lima Street
Aurora, CO 80010
mommat2real@gmail.com
(720) 244-1240

/s/Joyce M. Vigil
Joyce M. Vigil | Senior Paralegal