IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01997-NYW-KAS

TONYA MCDANIEL,
ASHLEY MCDANIEL,

    Plaintiffs,

v.

NORTH RANGE CROSSINGS,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss Due to Plaintiff's Nonappearance for Deposition and Request for Reimbursement of Fees and Costs Incurred in Deposition Preparation** [#113] (the "Motion"). Plaintiff Ashley McDaniel filed a Response [#117] in opposition to the Motion, and Defendant filed a Reply [#121]. The Court has reviewed the briefs, the entire case file, and the applicable law. Based on the following, the Motion [#113] is **GRANTED IN PART** and **DENIED IN PART.**

### I.    Background

Following a partial dismissal order, the following claims alleged in Plaintiffs' Second Amended Complaint [#65] remain: (1) race discrimination under Title VI of the Civil Rights Act; and (2) race discrimination under the Federal Housing Act. *See Order* [#77] at 3; *see also Second Am. Compl.* [#65] at 21-23.

Plaintiffs Tonya and Ashley McDaniel, who are mother and daughter, allege that they identified as Black on all documents in the apartment leasing application process

with Defendant North Range Crossings since August 31, 2018. *Second Am. Compl.* [#65] at 4. They further allege that Defendant refused to renew the lease with them because of their race. *Id.* Plaintiffs assert that they began to experience racism and discrimination from Defendant's staff and property management shortly after they moved into the North Range Crossing property, which Plaintiffs note is a federally funded property operated by the U.S. Department of Housing and Urban Development ("H.U.D."). *Id.* at 5. Plaintiffs further assert that, for two years, they were repeatedly discriminated against; harassed; falsely accused of noise violations, housing unauthorized pets, and having an outstanding balance on their account; and threatened with eviction because of their race. *Id*. at 6-12.

On September 27, 2023, the Court held a Scheduling Conference and entered a Scheduling Order setting deadlines and discovery limitations.[1] *See Minute Entry* [#99]; *Scheduling Order* [#100]. Additionally, the Court reminded Plaintiffs of their obligation to comply with all deadlines and court orders, and the Court read on the record the text of a form letter the Court issues to *pro se* litigants, which reminds litigants of their obligations to comply with the applicable rules and entered orders. The Court also gave Plaintiff Ashley McDaniel a printed copy of the letter, which warned that failures "to participate in the ordinary events associated with being a party to a lawsuit, like discovery, court hearings, and trial," could cause the Court to "impose monetary and non-monetary sanctions . . ., up to and including . . . dismissal of [the] case[.]" *See Pro Se Letter* [#99-

---

[1] Plaintiff Tonya McDaniel failed to appear in person. After some effort, the Court was able to contact her by phone and, thus, she participated remotely. However, the Court admonished her to follow all court orders and file a motion for remote appearance if she cannot physically attend a court conference. *See Minute Entry* [#99] at 1.

1] at 2. Given Plaintiffs' pro se status, the Court set a Status Conference for January 4, 2024, at 10 a.m. and directed all parties to appear in person unless otherwise approved by the Court. *See Minute Entry* [#99].

On November 7, 2023, the Court held a Status Conference to address Plaintiff Tonya McDaniel's failure to update her address in the court files. *See Minute Order* [#104] (setting Status Conference); *Minute Entry* [#105] (summarizing Status Conference). At the Status Conference,[2] a discussion was held regarding Plaintiff Tonya McDaniel's failing health and her ability to prosecute this case. *See Minute Entry* [#105]. Due to that discussion, the Court recommended that *pro bono* counsel be appointed to represent her. *Id*.[3] A discussion was also held regarding Defendant's plan to proceed with Plaintiffs' depositions on November 15 and 16, 2023. The Court reminded Plaintiff Ashley McDaniel of her obligation to continue to prosecute this case, to comply with all court orders, and to appear at her deposition.

On December 1, 2023, Defendant filed the instant Motion [#113] for dismissal with prejudice of the lawsuit due to Plaintiffs' nonappearance at duly noticed depositions on November 15 and 16, 2023. *See Motion* [#113] at 1-3; *see also Motion, Ex. A, Ashley McDaniel Depo. Notice* [#113-1] at 6; *Motion, Ex. B, Tonya McDaniel Depo. Notice* [#113-2] (both served on Oct. 27, 2023). Defendant also seeks monetary sanctions in the form

---

[2] Plaintiff Tonya McDaniel did not appear in person or remotely.

[3] On December 8, 2023, in light of the Court's Order, the Clerk's Office issued a Notice of Appointment, which identified selected pro bono counsel and set a January 8, 2024 deadline for selected counsel to enter an appearance. *Notice of Appointment* [#116]. The deadline has passed, and counsel has not entered an appearance.

of fees and costs incurred due to Plaintiffs' nonappearance. *See, generally Motion* [#113]; *Reply* [#121] at 4. In support, Defendant asserts that on November 15, 2023, "the court reporter and a videographer for Ms. Ashl[e]y McDaniel's deposition were present in undersigned counsel's conference room, where they remained for an hour and a half before undersigned counsel's paralegal finally reached Ms. Ashl[e]y McDaniel by telephone and was informed that [she] was not appearing for her deposition." *Motion* [#113] at 3.

On December 21, 2023, Plaintiff Ashley McDaniel responded to Defendant's Motion. *Response* [#117]. In her Response, she reveals that her mother, Tonya McDaniel, passed away on December 1, 2023. *Response* [#117] at 2. Additionally, Ashley McDaniel states that, on the day of her deposition, she was meeting with doctors to discuss her mother's admission into hospice care. *Id*. at 2. Plaintiff further represents that she "tried to reach out to opposing counsel to plead with them to reschedule [her] deposition due to" her mother's rapidly declining health. *Id*.; *see also id*. at 6-7 (containing Ashley McDaniel's emailed request to Defendant's law firm with request to reschedule her deposition in light T. McDaniel's condition).

On January 4, 2024, Defendant replied, arguing for dismissal of Tonya McDaniel's claims because Ashley McDaniel does not have standing to prosecute those claims; only the appointed personal representative of Tonya McDaniel's estate has standing. *Reply* [#121] at 2-3. Defendant also reiterates arguments in support of Ashley McDaniel's claims' dismissal; namely, that she did not provide advanced notice of her inability to attend her deposition. *Id*. at 3-4.

On January 4, 2024, the Court held a Status Conference, which the Court set on September 27, 2023, to check on the status of discovery. *See Minute Entry* [#123]. Neither Plaintiff appeared. *See id*. At the Status Conference, the Court addressed a suggestion of Plaintiff Tonya McDaniel's death, as set forth in Plaintiff Ashley McDaniel's Response in opposition to the Motion to Dismiss. *See Response* [#117] at 3; *see also Minute Entry* [#123]. The Court also discussed Plaintiff Ashley McDaniel's absence at the Status Conference, the arguments raised in the parties' briefing regarding Defendant's Motion to Dismiss [#113], the prior orders in this case that noted Plaintiffs' failures to comply with court orders, deadlines, court rules, and the prior orders that reminded Plaintiffs of their obligation to prosecute their case and comply with court orders, deadlines, and court rules. *See Minute Entry* [#123].

Based on the foregoing, the Court stated that it would issue a Recommendation to partially grant Defendant's Motion. *Id*. Specifically, the Court indicated that it would recommend dismissal of Ashley McDaniel's claims due to her non-compliance with court rules and orders and non-appearance at the January 4, 2024, Status Conference. *Id*. The Court also indicated that it would recommend denial of the request to impose monetary sanctions as such sanctions would be unjust given the circumstances for Plaintiffs' nonappearance at their depositions. Additionally, the Court indicated that it would recommend denial of the request to dismiss Tonya McDaniel's claims because of uncertainties as to whether those claims survive her death. *Id*. Finally, the Court set a March 20, 2024, deadline for the filing of a motion to substitute Tonya McDaniel's estate, pursuant to Federal Rule of Civil Procedure 25(a)(1). *Id*.

Since the January 4, 2024, Status Conference, the Court has neither heard from Ashley McDaniel nor received any filings from her. As of the date of this Order, Ashley McDaniel has filed nothing on the court docket.

## II.     Analysis

Defendant argues dismissal and an award of monetary sanctions are proper under either Fed. R. Civ. P. 37(d) for failure to appear for a deposition or under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order. *Motion* [#113] at 4.

**A.  Standard for Dismissal Under Federal Rule of Civil Procedure 37(d)**

Federal Rule of Civil Procedure 37(d) permits a court to impose appropriate sanctions for failure to appear for a deposition. Fed. R. Civ. P. 37(d). Dismissal should "be predicated on willfulness, bad faith, or some fault rather than just a simple inability to comply." *Lee v. Max Int'l*, 638 F.3d 1318, 1321 (10th Cir. 2011) (quotations, citations, and alterations omitted). Courts consider the following factors before dismissing a case as a sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . ; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; . . . and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996).

"These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921. Dismissal is an appropriate sanction if, after considering all the factors, the court

"concludes that dismissal alone would satisfy the interests of justice." *Id.* at 918.

## B. Standard for Dismissal Under Federal Rule of Civil Procedure 41(b)

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders." *Montoya v. Colo. Dep't of Corr.*, No. 20-cv-03345-NYW-STV, 2022 WL 17536170, at *2 (D. Colo. Dec. 8, 2022). Courts consider the five *Ehrenhaus* factors when determining whether to dismiss a case under Rule 41(b). *Id.*; *see also Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir.1994) (directing courts to apply *Ehrenhaus* factors in contact of in Rule 41(b) involuntary dismissals). Under this "flexible framework. . . . dismissal is warranted where 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921). Because Rule 41(b) dismissal "operates as an adjudication on the merits," dismissal is with prejudice. Fed. R. Civ. P. 41(b); 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 2372 (4th ed. 2023).

## C. Analysis of Dismissal of Ashley McDaniel

Because dismissal under Rule 37(d) and Rule 41(b) both require the same analysis under *Ehrenhaus*, the Court concurrently analyzes under both Rules whether dismissal of Ashley McDaniel's claims is appropriate.

### 1. Prejudice to Defendant

As to the first *Ehrenhaus* factor, the Court concludes that Ashley McDaniel's noncompliance prejudiced Defendant. North Range Crossings became a defendant in this lawsuit on July 15, 2022, with the filing of the Second Amended Complaint [#65]. At the November 7, 2023 Status Conference, at which Plaintiff Ashley McDaniel appeared, the Court held a discussion on the record regarding Defendant's plan to proceed with Plaintiffs' depositions. Ashley McDaniel indicated that she would attend her deposition, and the Court reminded her of her obligations to adhere to the applicable rules and court orders. Nevertheless, Ashley McDaniel's failed to attend that deposition. While Plaintiff McDaniel asserts that her failure to attend her deposition was caused by her mother's rapid decline in health and a meeting she had with medical providers to discuss hospice care, *see Response* [#117] at 2, her failure to proactively notify defense counsel sufficiently in advance of her deposition, as the circumstances would allow, caused Defendant actual prejudice in the form of unnecessary fees and costs. *See Motion* [#113] at 3; *Reply* [#121] at 4.

Per the Notice of Deposition, Ashley McDaniel's deposition was to begin on November 15, 2023, at 9 a.m. *See A. McDaniel Depo. Notice* [#113-1] at 6. More than an hour later, at 10:12 a.m., Ms. McDaniel's deposition commenced—in her absence. *See Depo. Transcript* [#113-1] at 2-3. As a result, Plaintiff McDaniel's lack of notification caused Defendant to incur attorneys' fees and court reporter and videographer costs. *Motion* [#113] at 3. Although Ashley McDaniel argues that she tried to contact Defendant to discuss rescheduling her deposition, she fails to provide any of the relevant specifics such as how she reached out or when she attempted to contact defense counsel. *See*

*Response* [#117] at 2. While Plaintiff McDaniel communicated with Defendant's law firm the morning of her deposition, Defendant's law firm initiated that communication 53 minutes *after* Plaintiff's deposition was to begin. *See Email Correspond*. [#113-3 at 1]. The Court sympathizes with Ashley McDaniel and the stress, emotional pain, and grief she has experienced; however, the Court cannot ignore her lack of advanced communication with opposing counsel, especially when situated in the larger context of her non-compliance in this case.

Despite the prejudice to Defendant, the Court finds that an award of fees and costs incurred at Plaintiff McDaniel's deposition would be unjust, given the circumstances. Plaintiff McDaniel's mother was gravely ill in the hospital, with a possible transfer to hospice care. Therefore, the Court declines to award monetary sanctions under Federal Rule of Civil Procedure 37(d)(3).[4] Nevertheless, the prejudice to Defendant weighs in favor of dismissing Ashley McDaniel's claims, especially when situated within a larger context of noncompliance, which the Court discusses more fully below.

## 2. Interference with the Judicial Process

As to the second *Ehrenhaus* factor, the Court finds Plaintiff Ashley McDaniel's inactions and noncompliance—dating to early 2022—have substantially interfered with the judicial process. This noncompliance consists of repeated failures to keep her contact information current in the court files, two failures to appear at status conferences, the

---

[4] "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified *or other circumstances make an award of expenses unjust*[.]" Fed. R. Civ. P. 37(d)(3) (emphasis added).

already discussed failure to appear at her deposition, and her failure to provide any explanation for her non-appearance at the status conference held on January 4, 2024.

Plaintiff McDaniel's failures to keep her contact information current in the court files are documented in a February 18, 2022 Order to Show Cause [#41]. On three occasions between January 25, 2022, and February 15, 2022, the Court received mail addressed to Plaintiffs returned as undeliverable. *Order to Show Cause* [#41] at 2-3. In a February 8, 2022 Minute Order Plaintiff McDaniel was reminded of her obligation to keep her contact information up-to-date. *Minute Order* [#37]. The Court also ordered Plaintiffs to file a Notice of Change of Address by February 17, 2022, or to otherwise be prepared to provide their current contact information at the February 17, 2022, Status Conference. *Id*. Because the Court's orders did not appear to reach Plaintiffs, the Court also ordered Defendants to notify Plaintiffs of the February 17, 2022 Status Conference. *Id*. Nevertheless, Plaintiffs did not appear at the February 17, 2022 Status Conference, and the Courtroom Deputy's attempt to contact them by phone was unsuccessful. *See Courtroom Minutes* [#40] at 1; *Order to Show Cause* [#41] at 3. Further, Plaintiffs failed to file a Notice of Change of Address by February 17, 2022, as ordered by the Court. *Order to Show Cause* [#41] at 4. These failures led to the issuance of the February 18, 2022 Order to Show Cause [#41]. Most recently, as already discussed, Plaintiff failed to appear at her November 15, 2023 deposition and she failed to appear at the January 4, 2024 Status Conference.

These failures have caused the Court to expend precious and limited resources on efforts to continually remind Plaintiff Ashley McDaniel of her obligations to comply with

the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's orders. Plaintiff McDaniel's failures have also interfered with discovery and the progress of this case, which commenced on July 22, 2021. This factor weighs in favor of dismissing Plaintiff Ashley McDaniel's claims as a sanction.

### 3. Plaintiff's Culpability

As to the third *Ehrenhaus* factor, the Court concludes Ashley McDaniel is culpable. Culpability is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown" for an intentional failure to constitute culpability. *In re Standard Metals Corp.,* 817 F.2d 625, 628–29 (10th Cir.) (further citation omitted, subsequent history omitted) (affirming a bankruptcy court's dismissal of a creditor's claims where the creditor violated court orders to appear at a hearing and to make himself available for his deposition in Denver); *cf. Thomas v. Gerber Prods*, 703 F.2d 353, 356 (9th Cir. 1983) (reversing dismissal based on a failure to pay a $750 fine where the failure was due to an inability to pay, rather than a refusal to pay), *cited in In re Standard Metals Corp.*, 817 F.2d at 629. Since 2022, Plaintiff Ashley McDaniel has consistently failed to comply with court orders, appear for status conferences, proactively notify opposing counsel of her inability to attend her deposition, and otherwise comply with the applicable rules. She bears responsibility for delaying the progress of this litigation. Ashley McDaniel chose to appear for status conferences without notice and chose not to respond to orders over the course of this matter. Plaintiff's culpable conduct is not isolated, but has occurred throughout the course of this litigation. Ashley McDaniel's culpability weighs in favor of dismissal. *See Davis v. Fed. Bureau of Prisons*, No. 15-cv-00884, 2018 WL 3022924, at

\*\*2-3 (D. Colo. June 18, 2018) (recommending dismissal of a *pro se* plaintiff's claims due to the plaintiff's history of non-compliance), *aff'd and adopted by* 2018 WL 10466849 (D. Colo. Nov. 16, 2018).

### 4. Advance Notice of Sanction of Dismissal

As to the fourth *Ehrenhaus* factor, the record contains multiple instances of warnings that non-compliance could result in the action's dismissal. For example, the February 18, 2022 Order to Show Cause [#41] warned, "**Plaintiffs are expressly advised that their failure to respond to this Order to Show Cause by the court-ordered deadline may result in this court recommending that their claims be dismissed without prejudice, without further warning from the court.**" *Feb. 18, 2022 Order to Show Cause* [#41] at 5 (emphasis in the original); *Pro Se Litigant Letter* [#99-1] at 2 (noting that a plaintiff's failure to participate in the ordinary events of a lawsuit could result in sanctions "up to and including dismissal of [the] case"). At the November 7, 2023 Status Conference, the Court again reminded Plaintiff McDaniel of her obligation to continue to prosecute the case and to comply with all court orders. Because Plaintiff McDaniel has received multiple warnings that failures to comply with the Court's Orders could result in a dismissal of claims, this factor weighs in favor of dismissal.

### 5. Efficacy of a Lesser Sanction

As to the fifth *Ehrenhaus* factor, Ashley McDaniel's continued non-compliance demonstrates that lesser sanctions are not warranted. As noted, Plaintiff did not appear at a January 4, 2024, Status Conference in this matter and she has filed nothing in the case since then. *Minute Entry* [#123] at 1. Plaintiff's participation in this case has been

typified by non-compliance and failures to appear, therefore the Court concludes lesser sanctions would not be effective here. This factor weighs in favor of dismissal.

Because the *Ehrenhaus* factors weigh in favor of dismissal, the undersigned, therefore, **recommends** that the Motion [#113] be **granted in part** as to the Motion to Dismiss Plaintiff Ashley McDaniel. "[A] workable system of justice requires that litigants not be free to appear at their pleasure[.]" *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

### D.  Analysis of Request for Fees and Costs Against Ashley McDaniel

The Court next addresses Defendant's request for an award of fees and costs incurred on the day of Ashley McDaniel's scheduled deposition. Under Fed. R. Civ. P. 37(d)(3), "[i]nstead of or in addition to [other] sanctions, the court *must* require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or *other circumstances make an award of expenses unjust*." (emphasis added). Here, Ashley McDaniel's mother was on her deathbed; thus, an award of fees and costs would be unjust. Accordingly, the undersigned **recommends** Defendant's Motion [#113] be **denied in part** as to the award of fees and costs against Ashley McDaniel.

### E.  Analysis of Dismissal of Tonya McDaniel and Request for Fees and Costs

Finally, the Court addresses Defendant's request to dismiss Tonya McDaniel's claims. *Motion* [#113] at 3-4. The undersigned **recommends** the Motion be **denied in part** as to the request to dismiss Tonya McDaniel's.

The uncertainties regarding whether Tonya McDaniel's claims survive her death

weigh heavily against dismissal; so, too, does the deadline for filing a motion to substitute her estate, which has not yet passed. *See Minute Entry* [#123] at 1 (identifying filing deadline of March 20, 2024, under Fed. R. Civ. P. 25(a)). The uncertainties regarding Tonya McDaniel's representation also weigh against dismissal: the Court Ordered appointment of pro bono counsel and the deadline for counsel to either enter an appearance or file a Notice Declining Appointment has passed but counsel has done neither. Based on the foregoing reasons, the question of whether to dismiss Tonya McDaniel's claims is not yet ripe.

The undersigned recommends Defendant's Motion [#113] be **denied without prejudice** regarding dismissal of the claims against Tonya McDaniel.

To the extent that Defendant's Motion [#113] seeks fees and costs from Tonya McDaniel, the Court finds her failure to attend her deposition was substantially justified by her grave illness which shortly after claimed her life. Therefore, the undersigned **recommends** that Defendant's Motion [#113] be **denied in part**.

### III.   Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendant's Motion [#113] be **GRANTED IN PART** and that Ashley McDaniel's claims be dismissed in their entirety, with prejudice.

IT IS FURTHER **RECOMMENDED** that the Motion [#113] be **DENIED IN PART WITHOUT PREJUDICE** as to dismissal of Tonya McDaniel's claims and **DENIED IN PART** as to an award of payment of fees and costs against either Plaintiff.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: January 23, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge